ALICE PRICE v. T. J. PRICE.

(Filed 26 November, 1924.)

### Marriage—Divorce—Alimony Without Divorce—Statutes.

In the wife's application for alimony without divorce (C. S., 1667, and amendments thereto) it is not required that the judge hearing the matter shall find the facts as a basis for his judgment, as in proceedings for alimony *pendente lite* (C. S., 1666), though it is necessary that she allege sufficient facts to constitute a good cause of action thereunder. *Semble*, the better practice is for the court to find the facts when the same are in dispute, as was done in this case.

APPEAL by defendant from *Lane, J.,* at chambers, in Albemarle, 7 July, 1924. From UNION.

Civil action for alimony without divorce.

From an order awarding an allowance in accordance with plaintiff's application the defendant appeals, assigning errors.

*Vann & Milliken for plaintiff.*
*John C. Sikes for defendant.*

STACY, J. This is an action instituted in the Superior Court of Union County, the county in which the cause of action arose, to have a reasonable subsistence and counsel fees allotted and paid or secured to the plaintiff out of the estate or earnings of her husband; such action being authorized by C. S., 1667, as amended by ch. 123, Public Laws 1921, and ch. 52, Public Laws 1923.

On the hearing, defendant interposed a demurrer *ore tenus* to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, in that it fails to set forth specifically the things of which plaintiff complains. This was overruled. There is a further exception, directed to the failure of his Honor to find sufficient facts to support his order.

The demurrer was properly overruled, and the exception to the judgment cannot be sustained.

Under the express terms of the statute, as amended, if any husband (1) shall separate himself from his wife and fail to provide her and the children of the marriage with necessary subsistence according to his means and condition in life, or (2) shall be a drunkard or spendthrift, or (3) shall be guilty of any misconduct or acts which would be or constitute cause for divorce, either absolute or from bed and board, his wife may institute an action in the Superior Court of the county in

which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband: *Provided,* it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony; and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony or for her support, but only her reasonable counsel fees.

The plaintiff alleges at least two causes of action for divorce—one, that the defendant has committed adultery (C. S., 1659); and the other, that he has offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome (C. S., 1660). The defendant's remedy was not by demurrer, but by motion to make the allegations of the complaint more specific, if he considered them too indefinite or uncertain. C. S., 537; *Bank v. Duffy,* 156 N. C., 83; *Womack v. Carter,* 160 N. C., 286. Or he might have asked for a bill of particulars. C. S., 534; *Turner v. McKee,* 137 N. C., p. 254.

"A complaint will be sustained as against a demurrer if any part presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be gathered from it under a liberal construction of its terms." *Hartsfield v. Bryan,* 177 N. C., 166; *Foy v. Foy, ante,* 518.

With respect to the sufficiency of his Honor's findings, it should be observed that this is not an action for divorce, with application for alimony *pendente lite,* under C. S., 1666, but it is an application for alimony without divorce, under C. S., 1667. The two statutes are dissimilar in several respects. There is no specific requirement in the latter section (*Allen v. Allen,* 180 N. C., 465), as in the former (*Easeley v. Easeley,* 173 N. C., 530), that the judge shall find the facts as a basis for his judgment, except, when put in issue, which is not done here, the alleged fact of the wife's adultery is required to be found against her, when she would otherwise be entitled to the relief sought, and the application is denied on this ground. This, of course, would not dispense with the necessity of alleging sufficient facts to constitute a good cause of action under the statute.

However, in keeping with the general rule, which would seem to be the better practice where the facts are in dispute, his Honor did find the facts. It is set out in the judgment that "the defendant has offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome, and has assaulted, mistreated, humiliated and abandoned the plaintiff, forcing her to leave his home; and it further appearing that the plaintiff has no separate estate or means of subsistence on which to live or prosecute her action, it is therefore con-

41—188

sidered, ordered, adjudged and decreed," etc.; and the fact of marriage is expressly admitted. These facts, it would seem, are amply sufficient to support the judgment. *Barbee v. Barbee,* 187 N. C., 538.

There is no contention that the amount awarded is excessive or unreasonable, under the facts disclosed by the present record. The judgment will be sustained.

Affirmed.