### BERTIE BYERLY v. M. A. BYERLY.

(Filed 9 November, 1927.)

**Divorce—Statutes—Abandonment—Appeal and Error—Judgments—Presumptions—Alimony—Counsel Fees.**

> Where in an action by the wife under C. S., 1667, and amendments thereto, she has duly moved the court for alimony *pendente lite* and an allowance for counsel fees, and the husband has answered and offered evidence to the effect that the plaintiff had abandoned him, and that he had not abandoned her, and the record on appeal does not disclose any findings of fact upon the question but only that the trial judge had refused the plaintiff's motion until the jury should determine the issue, the presumption is that the trial judge had held adversely to the plaintiff as to the fact.

APPEAL by plaintiff from *Shaw, J.,* at September Term, 1927, of DAVIDSON. Affirmed.

This is an action brought by plaintiff against defendant, her husband, under C. S., 1667. A motion was made *pendente lite,* upon notice duly served on defendant, that reasonable subsistence and counsel fees be allowed her and her attorneys until final determination of the action. After hearing the complaint, answer, reply and affidavits, the court below denied the motion until the facts are heard and determined at the trial. Plaintiff excepted, assigned error and appealed to the Supreme Court.

*Phillips & Bowers and Walser & Walser for plaintiff.*
*Spruill & Olive for defendant.*

PER CURIAM. C. S., 1667, in part, is as follows: "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, . . . and it shall be lawful for such judge to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper," etc. This section was amended by Public Laws 1921, ch. 123, as follows: "That section one thousand six hundred and sixty-seven (1667) of Consolidated Statutes of North Carolina be amended by inserting in line seven (7), between the words 'subsistence' and 'allotted' the words 'and counsel fees'; and by inserting in line twelve between the words 'subsistence' and 'and' the words 'counsel fees': *Provided,* this act shall not apply in any way to pending litigation."

Further amended by Public Laws 1923, ch. 52: "That section one thousand six hundred and sixty-seven of the Consolidated Statutes be

amended by adding at the end of said section the following: '*Provided,* that in all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees.' "

The defendant denied that he had abandoned or separated himself from his wife, but on the contrary charged that she had abandoned and separated herself from him. There is no necessity to rehearse the evidence. It is an unfortunate domestic trouble and a repetition of the differences between the husband and wife is edifying to no one. The court below found no facts. The presumption is that he based the judgment on the fact that plaintiff abandoned and separated herself from the defendant, and defendant did not abandon and separate himself from plaintiff.

C. S., 1667, *supra,* and the amendments do not contemplate that a wife who wrongfully abandons and separates herself from her husband should be awarded subsistence and counsel fees. See *Allen v. Allen,* 180 N. C., 465; *Price v. Price,* 188 N. C., 640; *McManus v. McManus,* 191 N. C., 740. The judgment below is

Affirmed.