MINNIE SOUTHARD v. J. O. SOUTHARD.

(Filed 26 June, 1935.)

**Divorce E a—Court need not find facts supporting order for alimony pendente lite when complaint alleges facts sufficient to support order.**

Where the complaint alleges facts sufficient to entitle plaintiff to alimony *pendente lite* under C. S., 1667, it is not error for the court to grant plaintiff's motion therefor and refuse to find the facts upon which the order is based, since it will be presumed that the court found the facts as alleged in the complaint for the purposes of the hearing.

---

SOUTHARD *v.* SOUTHARD.

---

APPEAL by defendant from *Pless, J.,* at February Term, 1935, of ROCKINGHAM. Affirmed.

This is an action for alimony without divorce. C. S., 1667.

The action was begun in the Superior Court of Rockingham County on 14 November, 1934, and was heard at the February Term, 1935, of said court on plaintiff's motion that pending the trial of the issues raised by the pleadings the defendant be ordered by the court to pay to plaintiff reasonable sums for her support, *pendente lite,* and for her counsel fees.

From an order that he pay to plaintiff, out of his earnings, the sum of $3.50 per week for her support until the further order of the court, and the sum of $25.00 as her counsel fees, the defendant appealed to the Supreme Court, assigning as error the refusal of the court to find the facts on which the order was made, and the signing of the order.

*D. F. Mayberry and Hunter K. Penn for plaintiff.*
*Sharp & Sharp for defendant.*

PER CURIAM. It is alleged in the complaint, and admitted in the answer, that the plaintiff and the defendant were married to each other on or about 25 January, 1913; that they lived together as husband and wife until 17 September, 1934, and that they are now living separate and apart from each other.

It is further alleged in the complaint that on or about 17 September, 1934, the defendant, without cause or justification, abandoned the plaintiff, and has since failed and refused to provide for her support. This allegation is denied in the answer. The defendant alleged that the plaintiff, without cause or justification, abandoned him on or about 17 September, 1934, and has since refused to return to his home or to live with him.

By virtue of the provisions of C. S., 1667, pending the trial of the issue raised by the pleadings, on the facts alleged in the complaint, the plaintiff is entitled to an order of the court that defendant pay to her, out of his earnings, a reasonable sum for her support, *pendente lite,* and for her counsel fees.

There was no error in the refusal of the court to find the facts on which the order was made. *Price v. Price,* 188 N. C., 640, 123 S. E., 264. The presumption is that the court, for the purposes of the hearing, found that defendant had wrongfully abandoned the plaintiff, as alleged in the complaint. *Byerly v. Byerly,* 194 N. C., 532, 140 S. E., 158. The order is

Affirmed.