HOMER C. HOLLOWAY v. NINA NEIGHBORS HOLLOWAY.

(Filed 4 January, 1939.)

**1. Divorce § 11—Right to alimony pendente lite in action under C. S., 1666.**

On a motion for alimony *pendente lite* and for counsel fees in an action instituted by a wife against her husband under C. S., 1666, or in her cross action in a suit instituted by her husband, whether she is entitled to alimony is a question of law upon the facts found, and the court must find the facts upon request.

**2. Same—Right to alimony pendente lite in action under C. S., 1667.**

On motion for alimony *pendente lite* and counsel fees made in an action instituted by the wife against her husband under C. S., 1667, the judge is not required to find the facts as a basis for an award of alimony unless the adultery of the wife is pleaded in bar, though the better practice is to do so.

**3. Same—Right to alimony pendente lite under the common law.**

In an action for divorce instituted by the husband, the wife is entitled to an allowance for support *pendente lite* and counsel fees on her motion therefor under the common law without setting up a cross action, which right is given her as a matter of justice to enable her to defend her name and marital rights, and her right to such allowance will not be denied unless she answers and defends in bad faith.

**4. Same—Finding held sufficient to support allowance of temporary subsistence under the common law.**

A finding that the wife has denied under oath the charge of adultery against her in the complaint in her husband's action for divorce, and that such denial is made in good faith; that the wife is unable financially to properly defend the action; and that the husband is financially able, *is held* sufficient to support an allowance of temporary support, expense money and counsel fees to the wife under the common law.

**5. Same—On motion for allowance under common law, court must hear evidence of husband on question of good faith of wife's defense.**

On this motion for allowance to the wife for temporary support and counsel fees under the common law in the husband's action for divorce, the court found that the wife's denial of the charge of adultery was made in good faith and that she was financially unable to properly defend the action, and granted her motion, and refused to hear affidavits offered by the husband for the purpose of showing that she was guilty of adulterous conduct. *Held:* The husband's evidence related directly upon the question of good faith, and it was error for the court to enter the order without hearing and considering such evidence.

APPEAL by plaintiff from *Williams, J.,* in Chambers, 1 April, 1938. From ORANGE. Error.

This is an action for divorce instituted by the plaintiff against the defendant on the grounds of adultery.

The plaintiff makes the necessary allegations of marriage and residence and alleges acts of adultery on the part of the defendant. The defendant, answering, denies the allegation of adultery, and alleges that notwithstanding the plaintiff had knowledge of the facts upon which he bases his allegation that the defendant committed adultery in July or August, 1936, he continued thereafter to live with the defendant, thereby condoning any alleged misconduct on the part of the defendant. The defendant further in her answer prays that she be allowed alimony *pendente lite* and reasonable counsel fees. Notice was served on the plaintiff to appear before Williams, J., and show cause why alimony *pendente lite* and counsel fees prayed in the answer should not be allowed.

The motion came on to be heard before Williams, J., in chambers in Durham, N. C., at which time the plaintiff submitted a number of affidavits which he contends establish the alleged adultery of the defendant. The court found "that the defendant had denied under oath the adultery charged against her in the complaint; that such, her denial, is made in good faith; that the court declines to hear and pass upon affidavits as to the truth or falsity of the charge of adultery; that defendant is unable financially to employ counsel to bring to the court the witnesses necessary for her proper defense and properly defend this action; that plaintiff, her husband, is solvent and amply able to pay, etc." Thereupon, judgment was entered allowing alimony *pendente lite* and counsel fees. Plaintiff excepted and appealed.

*Graham & Eskridge and L. J. Phipps for plaintiff, appellant.*
*Wm. H. Murdock for defendant, appellee.*

BARNHILL, J. In determining the question presented on this appeal it may be well to briefly review the instances in which a wife is entitled to alimony *pendente lite* and counsel fees and the law in respect thereto: (1) On a motion for alimony *pendente lite* and counsel fees in an action instituted by a wife against her husband under the provisions of C. S., 1666, whether the wife is entitled to alimony is a question of law upon the facts found, and the court below must find the facts, upon request. *Moore v. Moore,* 130 N. C., 333, 41 S. E., 943; *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9; *Caudle v. Caudle,* 206 N. C., 484, 174 S. E., 304. The wife is entitled to an allowance on proper showing when she, as defendant, sets up a cross action in a suit instituted by the husband. *Webber v. Webber,* 79 N. C., 572. (2) On motion for alimony *pendente lite* and counsel fees made in an action instituted by

the wife against her husband under provisions of C. S., 1667, the judge is not required to find the facts as a basis for an award of alimony unless the adultery of the wife is pleaded in bar, though the better practice would be to do so. *Price v. Price,* 188 N. C., 640, 125 S. E., 264, and cases there cited. This section as first enacted, ch. 193, Public Laws 1872, made no provision for alimony *pendente lite.* This provision was made by amendment to the act by ch. 24, Public Laws 1919. It was further amended in 1923 to allow the husband to plead the adultery of the wife in bar of her right to alimony by ch. 52, Public Laws 1923. (3) On motion for alimony *pendente lite* and counsel fees by the wife, defendant in an action for divorce instituted by the husband, the wife, without setting up a cross action, is entitled to an allowance for support *pendente lite* and counsel fees under the common law. It was first held in *Reeves v. Reeves,* 82 N. C., 348, that when the wife as defendant did not set up any cross action in her answer she is not entitled to this relief. This decision was based upon the theory that the Act of 1852, making provision for alimony *pendente lite,* repealed the common law. This decision was expressly overruled in *Medlin v. Medlin,* 175 N. C., 529, 95 S. E., 857. Quoting from Bishop on Marriage and Divorce, sec. 976, it is there said: "Natural justice and the policy of the law alike demand that in any litigation between the husband and the wife they shall have equal facilities for presenting their case before the tribunal. This requires that they shall have equal command of funds, so that if she is without means, the law having tested the acquisitions of the two in him, he shall be compelled to furnish them to her to an extent rendering her his equal in the suit. This doctrine is a part of the same whence proceeds temporary alimony. And so the English courts have from the earliest times to the present held without the aid of an act of Parliament, and nearly all of our own have accepted the doctrine as of common law."

In this latter type of suit a finding "that defendant has denied, under oath, the adultery charge against her in the complaint; that such (her denial) is made in good faith; that defendant is unable financially to employ counsel or to bring to the court the witnesses necessary for her proper defense; that plaintiff, her husband, is solvent and amply able to pay, etc.," is a sufficient finding to support the allowance of temporary support, expense money and counsel fees. *Medlin v. Medlin, supra.*

Following the decision in *Medlin v. Medlin, supra,* this Court proceeds upon the theory that it would be manifestly unfair to permit a husband to maintain an action which might well stigmatize his wife with foul imputation or deprive her of her marital rights without at the same time requiring him to furnish the necessary funds to enable her to so defend the action as to bring about a fair investigation of the charges

and a just determination of the issues. Unless he does so the court will withhold its aid from him. Unless she answers and defends in bad faith she will not be deprived of the support due her from her husband until a jury has determined the issues adversely to her in a trial in which she has had a fair opportunity, and reasonable means with which, to defend herself.

The defendant's motion comes within the third class of cases above enumerated. The findings of the judge, under the decisions, are amply sufficient to sustain the order. The vice in the order rests in the fact that in determining that the wife answered in good faith the court refused to hear or consider evidence offered by the plaintiff. The affidavits tendered by the plaintiff were offered for the purpose of showing that the defendant was guilty of adulterous conduct. This evidence directly bears upon the question of good faith and should have been heard and considered by the court. While the court might well hesitate to find the issue of adultery against the wife without the aid of a jury and thus deprive her of her common law right to support except upon clear and convincing evidence, it should nevertheless consider any evidence bearing on the question of good faith tendered by the plaintiff and determine the question of good faith only after a full and fair consideration of the evidence offered.

It was error for the court below to decline to consider the evidence tendered by the plaintiff. This entitles the plaintiff to a rehearing upon the motion.

Error.