MRS. CLARA HOWELL PHILLIPS v. JUSTIN E. PHILLIPS.

(Filed 2 June, 1943.)

**1. Divorce §§ 11, 13—**

Under C. S., 1667, authorizing an action for alimony without divorce, subsistence and counsel fees *pendente lite* may now be allowed.

**2. Divorce § 13—**

Although the plaintiff does not ask for divorce in a suit under C. S., 1667, she must charge and prove such injurious conduct on the part of the husband as would entitle her to a divorce *a mensa et thoro* at least.

**3. Divorce § 5—**

Condonation, in an action between husband and wife, is a specific affirmative defense to be alleged and proven by the party insisting upon it, and is not required to be negatived by the opposing party.

**4. Divorce § 11—**

The allowance of subsistence and counsel fees *pendente lite* is in the discretion of the trial court, who is not required to make formal findings of fact upon such a motion, unless the charge of adultery is made against the wife; and the court's ruling will not be disturbed in the absence of abuse of discretion.

APPEAL by defendant from *Thompson, J.,* at October Civil Term, 1942, of ROBESON.

The plaintiff brought this action against her husband for alimony without divorce under C. S., 1667, alleging that he had separated himself from her and failed to provide necessary subsistence according to his means and condition in life. She further alleged as grounds of her action that defendant had committed adultery at various and sundry times, and had been living as man and wife with a certain woman in Brunswick County.

The complaint then is addressed to a description of the defendant's estate and earning capacity.

The defendant replied, denying substantial allegations of the complaint except as to his adultery. He admits that he was convicted of that crime in Brunswick County.

Plaintiff made a motion for subsistence and counsel fees *pendente lite,* which was heard upon affidavits and oral testimony at October Civil Term, 1942, by Thompson, Judge. At that time there was elicited from the plaintiff an admission that defendant had visited her during the pendency of this action for one night, and that the two occupied the same bed. Plaintiff, however, testified that there was no sexual intercourse. The defendant insisted that his offense was thereby condoned as a matter of law.

Judge Thompson passed upon the testimony and found that although the defendant had come to the house of the plaintiff on 12 October, 1942, and remained during the night, occupying the same bed with her, no marital or sexual relations were had, and held that there was no condonation of the adultery of the husband, as a matter of law, upon these facts.

At the same term of court, upon these affidavits and oral testimony, Judge Thompson, finding pertinent facts, made an order allowing subsistence to the plaintiff pending the final determination of the issues, of $35.00 per month, beginning with the month of October, 1942, and an additional sum of $75.00 attorney's fees *pendente lite,* the said sum to be taken into consideration when final allowance of attorney's fees have been made.

The order provides that the complaint should have the effect of *lis pendens,* entitling the plaintiff to a lien on the property for the satisfaction of allowances made in the order.

The defendant appealed from the order, assigning errors.

*Varser, McIntyre & Henry for plaintiff, appellee.*
*Ellis E. Page and F. D. Hackett for defendant, appellant.*

SEAWELL, J.  We do not understand that it is contended that subsistence and counsel fees *pendente lite* may not now be allowed under C. S., 1667, authorizing an action for alimony without divorce.  The original Act of 1871-72 did not so provide; but successive amendments by ch. 24, Public Laws of 1919, and ch. 123, Public Laws of 1921, permitted an allowance of subsistence and of counsel fees pending the hearing on the issues.  See history of this legislation *per Adams, J.,* in *Moore v. Moore,* 185 N. C., 332, 335, 117 S. E., 12; *Peele v. Peele,* 216 N. C., 298, 4 S. E. (2d), 616; *Holloway v. Holloway,* 214 N. C., 662, 200 S. E., 436.  The defendant merely contends that, as a matter of law, such allowances should not be made upon the facts of this case and on plaintiff's own showing.

Under C. S., 1667, although the plaintiff does not ask for divorce, she must charge and prove such injurious conduct on the part of the husband as would entitle her to a divorce *a mensa et thoro,* at least.  She charged abandonment, failure to support, and adultery, which is sufficient to satisfy the statute.

Although he had made no plea of condonement in his answer, the defendant undertook to set up this defense against plaintiff's motion for alimony and counsel fees *pendente lite.*

In *Blakely v. Blakely,* 186 N. C., 351, 119 S. E., 485, referring to the defense of condonation, it is said: "It is very generally regarded as a specific affirmative defense to be alleged and proved by the party insisting upon it, and is not required to be negatived by the opposing pleader. *White v. White,* 171 Va., 244; *Odom v. Odom,* 36 Ga., 386; 9 R. C. L., 386. And decisions of our own Court, in *Kinney v. Kinney,* 149 N. C., 321; *Steel v. Steel,* 104 N. C., 631-638, and other cases, are in full approval of the general principle."

We see no reason why this rule of practice should not be enforced since the defense affects the plaintiff's case so importantly, and the rule is similar to that which obtains with respect to many other affirmative defenses which go to the defeat of the action. The defendant not having relied upon condonation in his answer should not be heard upon the point in resisting the motion for subsistence and suit money.

The defendant contends that the complaint and testimony of the wife fully establish that he had made adequate provision for her subsistence and that she has income out of this provision sufficient for suit money. But there are so many things to be taken into consideration upon such a question that it is difficult to conceive how it could ever become a matter of law, except upon an abuse of discretion by the trial judge, which does not appear in the case at bar. If there are such cases, they must be rare. In this connection it may be proper to note that the discretion given to the trial judge is so wide that he is not required to make formal findings of fact upon such a motion, unless the charge of adultery is made against the wife. *Southard v. Southard,* 208 N. C., 392, 180 S. E., 665; *Price v. Price,* 188 N. C., 640, 125 S. E., 264.

Of course, the introduction of evidence and the finding of facts were for the sole purposes of the motion, and the facts found are not conclusive on the trial of the issues. *Moore v. Moore, supra.*

We conclude that no error is disclosed in defendant's appeal, and the order is

Affirmed.