EUNICE M. IPOCK v. CHARLES J. IPOCK.

(Filed 28 March, 1951.)

**1. Divorce and Alimony § 14—**

Alimony without divorce may not be awarded unless the husband separates himself from his wife and fails to provide her with the necessary subsistence according to his income and condition in life, or unless he shall be guilty of such misconduct or acts as would constitute a cause for divorce, either absolute or from bed and board.

**2. Divorce and Alimony § 12—**

Alimony *pendente lite* and counsel fees may not be awarded in an action for alimony without divorce unless plaintiff alleges in her complaint facts sufficient to constitute a good cause of action under the statute.

**3. Same—**

The court does not have an absolute and unreviewable discretion to allow temporary subsistence upon motion therefor made in an action for alimony

without divorce, but is expected to look into the merits of the action and determine the matter in the exercise of his sound legal discretion, after considering the allegations of the complaint and the evidence of the respective parties, and it is error for the court to refuse to hear the evidence of the defendant in support of his contention that the separation was due to the fault of plaintiff and to enter the order based solely upon the allegations of the complaint and the plaintiff's evidence in support thereof. G.S. 50-15, G.S. 50-16.

APPEAL by defendant from *Godwin, Special Judge,* November Term, 1950, of CRAVEN.

This is an action instituted by the plaintiff on 14 July, 1950, against her husband for alimony without divorce.

The plaintiff, in her complaint, alleges that she and the defendant intermarried 1 March, 1930, and lived together as man and wife until about 1 August, 1943, when the defendant abandoned her without just cause until sometime in October, 1944, when the marital relationship was resumed; that the defendant again abandoned her in October, 1945, and that on 27 May, 1946, they entered into a separation agreement, but subsequent thereto they became reconciled and renewed their marital relations and lived together as man and wife until June, 1950, when the defendant again abandoned her and has failed and refused to provide her with the necessary subsistence according to his means and condition in life.

The defendant, in his answer, denied the material allegations of the complaint, and alleged that the present separation of the plaintiff and the defendant was due to the fault of the plaintiff.

When this cause came on to be heard on a motion for alimony *pendente lite* and for counsel fees, the plaintiff offered oral testimony and submitted affidavits in support of her motion. The defendant, however, was not permitted to offer any evidence in support of his allegation to the effect that the separation of the plaintiff and defendant was due to the fault of the plaintiff. Defendant excepted.

The court entered an order directing the defendant to pay alimony *pendente lite* and counsel fees, from which order the defendant appeals and assigns error.

*H. P. Whitehurst and William Dunn, Jr., for plaintiff.*
*Charles L. Abernethy, Jr., for defendant.*

DENNY, J. Alimony without divorce may not be awarded unless the husband separates himself from his wife and fails to provide her with the necessary subsistence according to his income and condition in life, or unless he shall be guilty of such misconduct or acts as would constitute a cause for divorce, either absolute or from bed and board. G.S. 50-16.

And alimony *pendente lite* and counsel fees should not be awarded in such action unless the plaintiff alleges in her complaint facts sufficient to constitute a good cause of action under the provisions of the statute. *McManus v. McManus,* 191 N.C. 740, 133 S.E. 9; *Price v. Price,* 188 N.C. 640, 125 S.E. 264.

It has been repeatedly held by this Court that on a motion of this kind, in an action brought under the provisions of G.S. 50-16, the judge is not required to find the facts as a basis for his order for temporary subsistence of the wife, except when her adultery is alleged by the husband as a bar to her recovery, *Phillips v. Phillips,* 223 N.C. 276, 25 S.E. 2d 848; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Southard v. Southard,* 208 N.C. 392, 180 S.E. 665; *Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158; *McManus v. McManus, supra,* although it is better for him to do so when the facts are in dispute, *Price v. Price, supra.*

This does not mean, however, that in considering a motion for alimony *pendente lite,* in such action, that unless the adultery of the wife is pleaded, the court may exercise an absolute and unreviewable discretion based solely upon the allegations of the complaint and the plaintiff's evidence offered in support thereof, and refuse to hear the evidence of the defendant. For it is expressly provided in G.S. 50-15, "That no order allowing alimony *pendente lite* shall be made unless the husband shall have had five days notice thereof, and in all cases of application for alimony *pendente lite* under this or section 50-16, whether in or out of term, it shall be permissible for the husband to be heard by affidavit in reply or answer to the allegations of the complaint."

Consequently, in passing on such motion the judge is expected to look into the merits of the action and determine in his sound legal discretion, after considering the allegations of the complaint and the evidence of the respective parties, whether or not the movant is entitled to the relief sought. *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745; *Holloway v. Holloway, supra.* And where it affirmatively appears the defendant was not permitted to offer evidence which was pertinent to the allegations of the complaint, the exception thereto will be sustained. *Holloway v. Holloway, supra.*

The defendant is entitled to a rehearing on the motion, and it is so ordered.

Error.