### CORA C. FOGARTIE v. IRVING F. FOGARTIE.

(Filed 17 September, 1952.)

**Divorce § 12—**

> In an action for alimony without divorce, the court, upon its finding that the facts alleged in the complaint are true, has jurisdiction, except upon allegation and proof satisfactory to the court of the wife's adultery, to award subsistence and counsel fees *pendente lite,* the amount thereof being in the sound discretion of the court upon consideration of the estate and earnings of the husband and the separate estate of the wife, which discretion is not reviewable on appeal in the absence of abuse. G.S. 50-16.

APPEAL by defendant from *Bobbitt, J.,* April 1952 Regular Civil Term, BUNCOMBE. Affirmed.

Action for alimony without divorce.

Defendant in his answer denies that he is an habitual drunkard and pleads the impotency of the plaintiff as a bar to the relief sought.

Plaintiff applied for subsistence and counsel fees *pendente lite* as provided in G.S. 50-16. From an order allowing plaintiff's motion, defendant appealed, assigning errors.

*J. Y. Jordan, Jr., for plaintiff, appellee.*
*Irvin Monk and Don C. Young for defendant, appellant.*

VALENTINE, J. The defendant contends that the court below committed error in allowing the plaintiff alimony *pendente lite* and counsel fees. With this we cannot agree.

The statute under which the plaintiff seeks relief (G.S. 50-16) provides two remedies—one, for alimony without divorce; and the other, for a reasonable subsistence and counsel fees *pendente lite*. *McFetters c. Mc-Fetters,* 219 N.C. 731, 14 S.E. 2d 833; *Taylor v. Taylor,* 197 N.C. 197, 148 S.E. 171.

The remedy thus established for the subsistence of the wife pending the trial and final determination of the issues involved and for her counsel fees is intended to enable her to maintain herself according to her station in life and to have sufficient funds to employ adequate counsel to meet her husband at the trial upon substantially equal terms. In arriving at the proper amount to be allotted, the court should take into consideration all the circumstances of the family, including the separate estate of the wife and the estate and earnings of the husband, and make only such allowances as are contemplated by the statute. The language of the order in the instant case, properly interpreted, discloses that the court complied with the purpose and meaning of the statute. Hence, the contention of the defendant that the court failed to take into consideration the separate estate and income of the plaintiff is untenable. The recitals in the judgment clearly disclose that the court gave due regard to the evidence in this respect and considered the same in arriving at its decision.

The court below for the purpose of the order found the facts relative to the cause of the separation to be as recited in plaintiff's complaint. This is in accord with the decisions of this Court. *Ragan v. Ragan,* 214 N.C. 36, 197 S.E. 554, and cases there cited; *Southard v. Southard,* 208 N.C. 392, 180 S.E. 665.

The amount of the allowances to plaintiff for her subsistence *pendente lite* and for her counsel fees is a matter for the trial judge. He has full power to act without the intervention of the jury (*Peele v. Peele,* 216 N.C. 298, 4 S.E. 2d 616), and his discretion in this respect is not reviewable, except in case of an abuse of discretion. *Phillips v. Phillips,* 223 N.C. 276, 25 S.E. 2d 848; *Tiedemann v. Tiedemann,* 204 N.C. 682, 169 S.E. 422. The only way by which the power of the court to make these allowances can be circumvented is by allegation and proof satisfactory to

the court of the wife's adultery. *Oldham v. Oldham*, 225 N.C. 476, 35 S.E. 2d 332. In this record, there is neither allegation nor proof of the infidelity of the wife. On the contrary, the defense interposed establishes beyond question the chastity of the plaintiff.

Allowances *pendente lite* constitute no part of the ultimate relief sought and do not affect the final rights of the parties. *Peele v. Peele, supra.*

Upon this record, we find no error, and the order below is

Affirmed.