the accident being one the circumstances of which appear to be peculiarly in the knowledge of plaintiff. But in that event defendant should bear the burden of its neglect and pay the costs and disbursements of this action and this appeal from commencement of the action to date, if it persists in seeking the examination before trial. Settle order. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ CEIL FRIEDMAN, Appellant-Respondent, v. JESSE FRIEDMAN, Respondent-Appellant.— Defendant and plaintiff appeal from certain aspects of a temporary alimony order awarding temporary alimony of $300 per week, which further directed a trial preference and permitted plaintiff's application for counsel fees to be withdrawn without prejudice to an application therefor before the trial justice. Defendant appeals from that portion of the order which awards temporary alimony. Plaintiff appeals therefrom "to the extent that the said order denied plaintiff's motion for alimony in excess of the said sum of $300.00 per week and directing said temporary alimony to commence on the 1st day of November, 1957 instead of October 1, 1957", and also from the direction therein for a trial preference. Since it appears that the defendant has continued to support and maintain plaintiff and his daughter in the same style and in the same manner as before the separation, the order appealed from violates the established rule that where plaintiff is being voluntarily so supported, and the support is otherwise reasonable, there is no basis or reason for a *pendente lite* award of alimony. *Pendente lite* allowances in matrimonial actions are based on necessity. Where no necessity exists, there is no reason for the order. (*Kaiser* v. *Kaiser,* 262 App. Div. 835; *Smith* v. *Smith,* 272 App. Div. 868; *Amos* v. *Amos,* 282 App. Div. 692; *Valberg* v. *Valberg,* 285 App. Div. 881; *Hurwitz* v. *Hurwitz,* 2 A D 2d 965.) Further, the preference order was improper by reason of the fact that at the time the order preferring the cause was made no certificate of readiness had been filed in accordance with the Special Rule Respecting Calendar Practice. (*Perrone* v. *Federated Taxpayers Assn.,* 4 A D 2d 935.) The order should be reversed on the law and on the facts and in the exercise of discretion and temporary alimony denied, without costs, with leave to the plaintiff to renew in the event the husband fails to substantially maintain the wife and daughter in the style in which he has been doing prior to the commencement of the action. Settle order. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ YEDIDA STAFF, Respondent, v. CLEMENT STAFF, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ JOSEPH J. FLANNERY, Doing Business as FLANNERY ENGINEERING & MANUFACTURING Co., Appellant, v. ESTHER WILLIAMS, Respondent, et al., Defendants.— Order unanimously reversed and the motion denied, without costs, in the exercise of the court's discretion. The allowance of an examination of defendant Williams on the issues raised by the pleadings is warranted upon condition that the examination take place when the said defendant is in New York City; and defendant Williams will give at least 10 days' advance notice of her next expected presence in New York to plaintiff. This disposition is without prejudice to an application by plaintiff for leave to obtain the deposition of defendant Williams upon written interrogatories if he is so advised. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ ROBERT H. SEABOLT et al., Copartners Practicing Law under the Name of BERLE, BERLE & BRUNNER, Respondents, v. H T E BEARDSLEY, INC.,

et al., Appellants.— Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur— Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ In the matter of 410 PARK AVENUE CORPORATION against ROBERT C. WEAVER, as State Rent Administrator.— Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur— Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ COLUMBIA PICTURES CORPORATION v. AMANDA F. KADEL, as Executrix of JOHN KADEL, Deceased, et al.—Motion for leave to reargue or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur—Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ CROWN WORSTED MILLS, INC. v. NATHAN L. SHEINMAN et al.—Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur— Botein, P. J., Breitel, Rabin and McNally, JJ.

## (March 20, 1958)

■ JOHN E. MULHERN, Appellant, v. HELEN J. MULHERN, Respondent.— Order granting counsel fee and temporary alimony modified, on the facts, and in the exercise of discretion, to fix the counsel fee at $3,500, with leave, however, to defendant wife to apply to the trial court for a further allowance, and the order is otherwise affirmed, without costs to either party. Since the case is being held in a part ready for trial we do not disturb the fixation of temporary alimony. Concur—Breitel, J. P., Rabin, Frank, Valente and Stevens, JJ.

## (March 25, 1958)

■ CIVITA VITIELLO et al., Respondents, v. TULLY & DI NAPOLI, INC., Appellant.— Judgment unanimously affirmed, with costs to the respondents. No opinion. Concur—Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ In the Matter of SALVATORE CINA, Petitioner, against CHARLES L. PATTERSON et al., Constituting the New York City Transit Authority, Respondents.— Determination of the respondent, New York City Transit Authority, unanimously confirmed, with $20 costs and disbursements to the respondents. No opinion. Concur—Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ BALKAN DEMOLITION CO. INC., Respondent, v. YORKSHIRE INSURANCE COMPANY OF NEW YORK, Appellant.— Orders unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur—Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ BETTY MYERS, Appellant, v. JOHN MYERS, Respondent.— Judgment unanimously affirmed, without costs to either party. No opinion. Concur— Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ BETTY MYERS, Appellant, v. JOHN MYERS, Respondent.— Orders so far as appealed from affirmed. No opinion. Concur—Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ JOHN D. TRACY, Appellant, v. NEWSDAY, INC., et al., Respondents.— Order and judgment unanimously reversed on the law, and the motion denied, with costs to appellant. The allegedly libelous article stated that the police were unable to learn where Jerome and plaintiff had taken Jerome's luggage,