## MARY S. MERCER v. GRADY MERCER.

(Filed 12 October, 1960.)

**1. Divorce and Alimony § 18—**

G.S. 50-16 provides not only for alimony without divorce but also for reasonable subsistence and counsel fees *pendente lite*, and in the wife's action under G.S. 50-16 in which the complaint sets forth grounds for divorce from bed and board under G.S. 50-7, the court has authority upon appropriate findings to grant her reasonable subsistence and counsel fees pending the action.

**2. Same:	Appeal and Error § 41—**

In a hearing by the court upon the wife's application for alimony and subsistence *pendente lite*, the admission of incompetent evidence, adduced for the purpose of showing the husband's financial status, will not be held for prejudicial error when it is not made to appear that the court's allowance of subsistence was affected thereby, since it will be presumed, in the absence of a showing to the contrary, that the court disregarded incompetent evidence in making its decision.

**3. Divorce and Alimony § 18—**

Since the court has authority under G.S. 50-16 to require the husband to secure so much of his estate as may be proper to insure the payment of subsistence *pendente lite* ordered by the court, the court may properly consider transfers by the husband of property to his children, assertedly made by the husband to defeat the wife's rights to subsistence, as an aid to the court in determining whether or not it should require the husband to secure part of his property for the payment of the subsistence.

**4. Same—**

Where, upon the hearing of the wife's application for subsistence and attorney's fees *pendente lite* in her action for alimony without divorce, the court hears conflicting evidence in regard to the respective financial status of the parties, the crucial findings of fact of the court in favor of the wife are binding on appeal if supported by competent evidence, notwithstanding that the husband has offered evidence to the contrary.

**5. Same—**

Under G.S. 50-16, the court is authorized to allow the wife subsistence and counsel fees *pendente lite* as may be proper according to the husband's condition and circumstances, having regard also to the separate estate of the wife, and therefore, by express provision of the statute, the fact that she has a separate estate of her own does not necessarily defeat her right to such temporary allowances.

**6. Same—**

Where the court hears evidence as to the respective financial status of the parties and makes specific findings as to the financial condition of both the husband and wife, and fixes the amount of alimony in his discretion after due consideration of the circumstances of both parties, the amount of the allowances will not be disturbed on appeal unless they

are so excessive or unreasonable under the circumstances as to amount to an abuse of discretion.

**7. Injunctions § 3—**

Ordinarily, injunction will not lie where there is a full, adequate and complete remedy at law which is as practical and efficient as the equitable remedy.

**8. Divorce and Alimony § 18—**

It is error for the court in awarding subsistence and counsel fees *pendente lite* under G.S. 50-16 to enjoin the husband from disposing of his property to prevent him from defeating the court's order for sub- sistence, since the authority of the court under G.S. 50-16 to cause the husband to secure so much of his estate as may be proper to pay the allowances ordered, and the power of the court to enforce its order by punishment for contempt, provide legal remedies as practical and efficient as the remedy of injunction.

APPEAL by defendant from *Bundy, J.*, 3 June 1960, in chambers at Kenansville. DUPLIN.

Civil action for alimony without divorce, G.S. 50-16, heard upon an order issued by Bundy, J., holding the courts of the district, requir- ing the defendant to appear in the Superior Courtroom in Kenans- ville, Duplin County, at 10:30 a.m., 3 June 1960, and show cause, if any he can, why an order should not be issued directing him to pay an allowance to plaintiff, his wife, for her subsistence and coun- sel fees *pendente lite*, and why he should not be enjoined from dis- posing of any of his property pending the final determination of the action. Both parties appeared at the hearing, and offered evidence.

From an order allowing plaintiff for subsistence $1,000.00 to be paid on 15 June 1960, and $500.00 to be paid on the 15th day of each month thereafter and counsel fees of $3,500.00, until the final determination of the action, and enjoining defendant from dispos- ing of or mortgaging any part of his property *pendente lite*, except that defendant is permitted to draw cheques on any bank account he may have, and with the consent of court may borrow funds to pay the allowances made by this order to plaintiff and to carry on his farming operations, defendant appeals.

*Hubert E. Phillips and Albion Dunn for plaintiff, appellee.*
*Russell Lanier and Jones, Reed & Griffin for defendant, appellant.*

PARKER, J.  G.S. 50-16 under which plaintiff seeks relief provides two remedies — one, for alimony without divorce, and the other, for a reasonable subsistence and counsel fees pending the trial and

final disposition of the issues involved in such action. *Fogartie v. Fogartie*, 236 N.C. 188, 72 S.E. 2d 226, and cases there cited.

G.S. 50-16 provides, that "if any husband shall separate himself from his wife and fail to provide her . . . with the necessary subsistence according to his means and condition in life, . . . , or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board," she may institute an action for reasonable subsistence and counsel fees.

G.S. 50-7 provides, "the superior court may grant divorces from bed and board on application of the party injured, made as by law provided, in the following cases: 1. If either party abandons his or her family, . . . , 4. Offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."

Plaintiff in her complaint has alleged facts sufficient to constitute a good cause of action under the provisions of G.S. 50-16. *Ipock v. Ipock*, 233 N.C. 387, 64 S.E. 2d 283. There is no plea, or even any suggestion, of adultery on the part of the plaintiff.

Judge Bundy in his order found the facts in great detail. His crucial findings of fact are in substance: Plaintiff and defendant were married on 1 September 1934, and thereafter lived together as man and wife until 18 January 1959. Two children were born of the marriage: a daughter now 22 years of age, and a son now 19 years of age. Plaintiff has taught school for many years in Duplin County. She provided the funds for the maintenance and support of her husband so as to permit him to complete his law studies at the University of North Carolina. She further contributed to his support, when he opened a law office in Duplin County. From her salary as a school teacher and from the proceeds of a small amount of property she owned in South Carolina, she bought a home for her husband and children — her husband never provided a home for them —, and provided food for the family, and bought clothes for the children, and at times for defendant. After their marriage defendant accumulated a large estate. During the last several years he has manifested to his wife a harsh and dictatorial manner. Defendant owns and drives a Cadillac car, and refused to permit his wife to go with him, saying "I don't want to be seen in public with you." For the past several years he has had a cottage at Carolina Beach, where during the beach season he has spent his week-ends, and has refused to allow his wife to go there with him.

Judge Bundy found facts in great detail to this effect: On 18 January 1959 defendant wilfully abandoned his wife without any adequate cause or provocation on her part, and since that time has lived

separate and apart from her providing her with no support at all. Judge Bundy further found facts in great detail to the effect that defendant without any adequate cause or provocation on his wife's part offered such indignities to her person as to render her condition intolerable and life burdensome.

Judge Bundy's findings of fact as to the financial means of the parties are as follows: Plaintiff receives a salary as a school teacher, and has a small income from property in South Carolina. She owns a home in Beulaville from which she derives no income, and, upon which she pays the taxes and upkeep. Defendant is a man of considerable wealth. He has real and personal property in Duplin County, which has a tax value of $26,737.00. This property is listed for taxes at one-third of its estimated worth. In 1959 and 1960 he had a tobacco allotment on his farms in Duplin County of over 29 acres for each year. The value of farm lands in Duplin County is based upon the tobacco allotment, and has a reasonable market value of $4,500.00 to $5,000.00 per acre of tobacco allotment. From this tobacco allotment defendant has a net minimum income of $300.00 per acre. He is the owner of notes secured by mortgages or deeds of trust in the sum of $16,461.86. In the names of his daughter and, son, or in the name of one of them, he has loaned to various people $42,609.62, which amounts are secured by deeds of trust naming him as trustee. His children had no means to make such loans, and the money was supplied by defendant. Defendant has conveyed to his children real estate of considerable value. On 6 April 1960 for the nominal sum of $300.00 he sold to his brother 38 cows and 15 calves. He receives from the State of North Carolina an annual salary of $10,500.00 as a member of the North Carolina Industrial Commission.

Defendant assigns as error that the judge over his objection permitted plaintiff to introduce in evidence the following part of an annual report on tobacco statistics issued by the U. S. Department of Agriculture for the purpose of showing the average per acre production of tobacco in the Eastern North Carolina Bright Leaf Belt for 1959: "1550 pounds for the year 1959 at an average price of 59 cents plus per pound; for 1958, 1691 pounds and at 55.4 cents per pound." In *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668, it is said: "In Annotated Cases 1917C p. 660 *et seq.*, there is a note entitled 'Effect of Admission of Incompetent Evidence in Trial before Court without Jury,' where the cases are collected from a large number of states and, from the Federal courts. In this note it is stated: 'The general rule deducible from the cases appears to be that where a case has been tried before the court without a jury the

admission of incompetent evidence is ordinarily deemed to have been harmless unless it affirmatively appears that the action of the court was influenced thereby. In other words it is presumed that incompetent evidence was disregarded by the court in making up its decision.' In support of the text decisions are cited from 23 States, the Federal courts, and the District of Columbia." Judge Bundy in his elaborate findings of fact has found no fact based on this report. It does not affirmatively appear that the order of the court was influenced thereby. Even if the admission in evidence of part of this report was error, such evidence was harmless, and did not prejudice defendant. The assignments of error as to this evidence are overruled.

Defendant assigns as error the admission in evidence over his objections of deeds of trust securing indebtedness payable to his children, and of deeds to them for real property. It appears from a study of the record — and plaintiff so states in her brief — that these instruments were offered for the purpose of showing that defendant was disposing of his property in order to defeat the payment of any allowance made to the wife for her reasonable subsistence. Defendant does not contend in his brief that the judge was influenced in his action in any way in fixing the amount of reasonable subsistence for his wife and the amount of her attorneys' fees *pendente lite* by such evidence. His sole contention as to this evidence is stated in his brief as follows: "The record evidence was therefore not competent as bearing upon any issue arising on the pleadings filed in the above-entitled action, and its admission, over defendant's objection, should be held for error."

Plaintiff in her complaint alleges in substance as a basis for an injunction restraining her husband from disposing of any part of his estate that he has threatened to dispose of his property, both real and personal, and to secrete the same for the purpose of defeating her rights under G.S. 50-16. G.S. 50-16 provides that the court in allowing reasonable subsistence and counsel fees to the wife *pendente lite* can cause the husband to secure so much of his estate or to pay so much of his earnings, or both, for such purposes, as may be proper. We consider the admission in evidence of the above instruments was not prejudicial to defendant, so far as the allowance of subsistence to plaintiff and counsel fees are concerned, and that such instruments were admissible for the purpose of the judge's consideration of the question as to whether or not he should cause defendant to secure the allowances made in the order on his estate, as he was disposing of a fair amount of his property. These assignments of error are overruled.

Defendant in his brief states: *"ASSIGNMENTS OF ERROR 4-20; 22-24* (R pp. 100-110), supported by EXCEPTIONS 42-58; 60-62 (R pp. 21-30; 97-99), challenge the Findings of Fact, Conclusions of Law and decree allowing alimony to the plaintiff *pendente lite,* and attorneys' fees."

The evidence offered by plaintiff and defendant was in sharp conflict. It was the trial judge's duty to pass upon the credibility of the evidence. He found the facts as shown by plaintiff's evidence, and not as shown by defendant's evidence. A study of the evidence shows that Judge Bundy's crucial findings of fact are supported by competent evidence, and such findings of fact are binding on appeal, notwithstanding the defendant has offered evidence to the contrary. *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349; *Bryant v. Bryant,* 228 N.C. 287, 45 S.E. 2d 572; *McLean v. McLean,* 233 N.C. 139, 63 S.E. 2d 138. To this rule there is this exception, this Court has the right to review findings of fact with respect to interlocutory orders denying or granting injunctive relief. *Cauble v. Bell,* 249 N.C. 722, 107 S.E. 2d 557.

Defendant contends that no allowances of a reasonable subsistence and counsel fees should be made, for the reason that "having regard also to the separate estate of the wife," G.S. 50-16, it appears from Judge Bundy's findings of fact that plaintiff has sufficient means to cope with her husband in presenting her case to the court.

In *Bowling v. Bowling* 252 N.C. 527, 114 S.E. 2d 228, the Court quotes from 41 C.J.S., Husband and Wife, sec. 15, pp. 404 *et seq.,* as follows: "It is the duty of a husband to support and maintain his wife. . . . There is not only a moral obligation resting on the husband to support his wife, but also a duty imposed by law. . . . The duty of support resting on the husband does not depend on the adequacy or inadequacy of the wife's means or on the ability or inability of the wife to support herself by her own labor or out of her own separate property. The fact that the wife has property or means of her own does not relieve the husband of his duty to furnish her reasonable support according to his ability."

In *Heflin v. Heflin,* 177 Va. 385, 14 S.E. 2d 317, 141 A.L.R. 391, the Court said: "The obligation of the husband to support his wife exists regardless of whether or not she is destitute and in necessitous circumstances."

This is said in 27 Am. Jur., Husband and Wife, p. 22: "There is disagreement as to the effect of a wife's separate property or

means on whether a temporary allowance of alimony, suit costs, and counsel fees will be allowed. According to one view, the fact that the wife has property and income of her own does not necessarily defeat her right to a temporary allowance, even though it may affect the amount of the allowance. According to a different view, where property and income of the wife are ample, there is no reason for allowing temporary alimony. There are some cases which go to the extent of denying any temporary allowance from the income of the husband while the wife has property remaining which she may subject to the payment of the expenses of the litigation and to her support. Temporary alimony, but not suit costs or attorneys' fees, has been allowed, where the wife had means to prosecute the suit without jeopardizing her rights."

G.S. 50-16 provides that the judge in a proper case can make an allowance for subsistence and counsel fees *pendente lite*, "as may be proper, according to his condition and circumstances, for the benefit of his said wife . . . , having regard also to the separate estate of the wife." Therefore, according to the express language of this statute a wife in a proper case may be allowed reasonable subsistence and counsel fees *pendente lite*, and the fact that she has a separate estate of her own does not necessarily defeat her right to such temporary allowances.

Judge Bundy states in his order: "And the foregoing allowances are made in the discretion of the court, and after due consideration of the circumstances of both plaintiff and defendant."

The Court said in *Fogartie v. Fogartie, supra:* "The amount of the allowances to plaintiff for her subsistence *pendente lite* and for her counsel fees is a matter for the trial judge. He has full power to act without the intervention of the jury (citing authority), and his discretion in this respect is not reviewable, except in case of an abuse of discretioin. Citing authorities."

The crucial facts found by Judge Bundy, supported by competent evidence, are amply sufficient to support his allowances to his wife for subsistence and counsel fees *pendente lite*, and it cannot be held upon the facts found by him that the allowances made to the wife *pendente lite* were so excessive or unreasonable considering the property and income of plaintiff and defendant as to amount to an abuse of discretion. Surely, it cannot be contended upon the facts found by the judge that plaintiff with the small amount of property she owns and her income as a teacher and a small amount of income from property owned by her in South Carolina had sufficient means, without embarrassing herself financially, to cope successfully with

her husband, a man of considerable means and large income, in presenting her case to the court.

All defendant's assignments of error in respect to the allowances of subsistence and counsel fees *pendente lite* are overruled.

Defendant assigns as error that part of the order enjoining him from disposing of or mortgaging any part of his property *pendente lite,* with the exceptions therein recited.

"Ordinarily, an injunction will not be granted where there is a full, adequate and complete remedy at law, which is as practical and efficient as is the equitable remedy." *In re Davis,* 248 N.C. 423, 103 S.E. 2d 503, and cases there cited.

By virtue of G.S. 50-16 the trial judge could have caused the defendant to secure so much of his estate as proper to pay the allowances made in his order. For a wilful failure on defendant's part to pay the allowances here made, if this should occur, the court can enforce its order by punishment of the defendant for contempt. Such legal remedies are as practical and efficient under the facts found here as the equitable remedy of an injunction. This assignment of error is sustained.

The order entered by Judge Bundy below is affirmed, with this exception, the injunction issued in such order will be dissolved.

Modified and affirmed.