MARY CARTER DEAL v. ROBERT A. DEAL.

(Filed 22 May 1963.)

1. Divorce and Alimony § 18—

> The court, either in granting or refusing to allow alimony *pendente
> lite*, is not required to make specific findings of fact except in regard
> to adultery when adultery of the wife is pleaded in bar, and where de-
> fendant charges that plaintiff abandoned him, it will be assumed on ap-
> peal from the denial of alimony *pendente lite* that the court found the
> facts in favor of the husband. Whether the wife is entitled to an order
> for alimony when the husband has not ceased to provide her with neces-
> sary subsistence, *quaere?* G.S. 50-16.

2. Same—

> Even though the court denies the wife's motion for alimony *pendente
> lite*, the court may properly allow counsel fees to the wife's attorney in
> order that she may have adequate means to meet her husband at the
> trial upon substantially even terms.

APPEAL by plaintiff from *Cowper, J.,* at Chambers November 3, 1962,
in LENOIR.

Plaintiff sues for alimony without divorce, counsel fees, and custody
of children, pursuant to G. S. 50-16.

The complaint alleges: Plaintiff and defendant intermarried in 1948
and have three minor children. Without provocation and fault on the
part of plaintiff, defendant used alcoholic beverages to excess, was
habitually away from home until late at night and at times stayed
away all night, assaulted plaintiff on one occasion, subjected her to
indignities and thereby rendered her condition intolerable and life
burdensome, abandoned plaintiff and the children on 31 July 1961,
and has failed to provide them support in accordance with their needs
and his means. Plaintiff earns $600 per month.

Defendant, answering, denies the alleged misconduct on his part and
charges that plaintiff abandoned him. The answer avers: Defendant
operates a service station which requires him to work late. He owns an
interest in two other enterprises and on many occasions he has to at-
tend to these after closing the service station. He earns $450 per month.
He has monthly payments in excess of $120 on mortgages involving
property in which his wife is interested as tenant by the entirety. He
has provided his family a comfortable home with all modern con-
veniences including air conditioning. He provides his wife with an
automobile. He has at all times paid all household and family ex-
penses and given his wife $20 to $30 per week for food and incidentals.
He drinks socially but not to excess. Plaintiff is from Baltimore, has
no friends in Kinston and is unhappy there. Before this suit was

DEAL *v.* DEAL.

instituted she made definite plans to return to Baltimore and take the children with her.

Plaintiff moved for alimony *pendente lite* and attorney's fees.

The court entered an order, in pertinent part as follows:

> "It appearing . . . that the parties are living separate and apart and that plaintiff is living in the home owned by the parties hereto as tenants by the entirety and that she has custody of the three children . . . ; . . . that the defendant is making the house payments . . . and in addition pays all the following bills . . . : electricity, water, telephone, milk bill, gasoline for plaintiff's automobile furnished by defendant as well as all other current household expenses and in addition gives plaintiff $20.00 to $25.00 per week; . . . that plaintiff while testifying . . . stated that she intended to move to Baltimore, Maryland, and take the . . . children with her out of the jurisdiction of the Court; and

> "It is the opinion of the court that plaintiff and the three children are being adequately provided for at this time by defendant and therefore her motion for alimony pendente lite is denied."

The court made no order with respect to custody, but directed defendant to pay $100 in fees to plaintiff's attorneys.

Plaintiff appeals.

*Jones, Reed & Griffin for plaintiff.*
*C. E. Gerrans for defendant.*

MOORE, J. Plaintiff assigns as error, (1) the failure of the court to pass "upon the issue as to whether defendant . . . abandoned the plaintiff" without fault on her part, (2) failure of the court to pass "upon the issue as to whether the conduct of defendant . . . offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome," and (3) the entering of the order.

As explained below, we think the court did pass on the issues mentioned in the first and second assignment of error. However, the court made no specific findings of fact with respect thereto, and no findings of fact were requested by plaintiff. "On motion for alimony *pendente lite* made in an action by the wife against the husband pursuant to G.S. 50-16, the judge is not required to find the facts as a basis for an award of alimony except when the adultery of the wife is pleaded in bar." *Creech v. Creech,* 256 N.C. 356, 358, 123 S.E. 2d 793; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436. And this rule applies where the motion for alimony *pendente lite* is denied. *Byerly*

*v. Byerly,* 194 N.C. 532, 140 S.E. 158. The discretion given to the trial judge is so wide that he is not required to make formal findings of fact upon such a motion, unless the charge of adultery is made against the wife. *Phillips v. Phillips,* 223 N.C. 276, 25 S.E. 2d 848. See also *Ipock v. Ipock,* 233 N.C. 387, 64 S.E. 2d 283.

The principal question argued by plaintiff is whether the court may deny the motion for alimony *pendente lite* upon the mere finding that defendant is providing adequate support for his wife. The question is raised upon the exception to the entry of the order denying the motion. There is a conflict of authority as to whether, in a case in which a husband *has abandoned* his wife, allegations and proof that he is providing her adequate support is a defense to her motion for alimony *pendente lite.* Many courts hold that it is a good defense. 27A C.J.S., Divorce, s. 209(c), p. 917. The theory of these courts is that *pendente lite* allowances are based on necessity, and where no necessity exists there is no reason for an order of temporary alimony. *Friedman v. Friedman,* 171 N.Y.S. 2d 695 (1958). Other courts take a contrary view. They reason that the wife is entitled to the security of a court order fixing legal responsibility, even if the husband is voluntarily providing adequate support, for that it will avoid bickering and confusion between the parties, assure the continuance of the support by the husband, and permit the wife to decide what her needs are and the kind and quality of the articles she must accept. *See Pedersen v. Pedersen,* 107 F. 2d 227 (D.C. Cir. 1939). The decisions of the North Carolina Court are not entirely consistent, but the trend seems to be in the direction of the latter view. *Thurston v. Thurston,* 256 N.C. 663, 124 S.E. 2d 852; *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745.

However, it will be observed that in *Thurston, Butler* and all other cases in which it has been held that the wife is entitled to the security of a court order despite the fact that her husband is providing adequate support, there were definite findings that the husband *had abandoned* the wife or *was guilty* of conduct which would entitle her to a divorce absolute or from bed and board. A wife is not entitled to an order for support *pendente lite* merely because she has instituted an action and alleged grounds for divorce or alimony. The applicable statute, G.S. 50-16, provides that "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, the wife may institute an action. . . ." The statute provides two remedies, one for alimony

without divorce, and another for subsistence and counsel fees pending trial and final disposition of the issues involved. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443. "The existence of grounds for divorce is a prerequisite to any allowance to the wife under G.S. 50-16. To warrant an allowance *pendente lite* she must allege and prove a cause of action for divorce." *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349; *Bateman v. Bateman,* 233 N.C. 357, 64 S.E. 2d 156; *Cameron v. Cameron,* 231 N.C. 123, 56 S.E. 2d 384. And plaintiff must show that she did not by her own conduct provoke the wrongs and abuses of which she complains. *Garsed v. Garsed,* 170 N.C. 672, 87 S.E. 45. The husband is not precluded from asserting and proving as a defense to his wife's action and motion that she has separated herself from him or abandoned him. *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923. When the issue has been raised, it is not "sufficient that the judge merely examine the evidence or testimony to see whether there is any evidence to support plaintiff's charges or allegations which would operate as a *prima facie* showing. He must, by application of his sound judgment, pass upon its truth or falsity and find according to his conviction." *Cameron v. Cameron, supra.* In *Byerly v. Byerly, supra,* the wife moved for an allowance *pendente lite* and counsel fees. She alleged abandonment by the husband which he denied. He charged that she had separated from and abandoned him. The trial court found no facts and denied the motion. On appeal this Court said:

> "The presumption is that he (the judge) based the judgment on the fact that plaintiff had abandoned and separated herself from the defendant, and defendant did not abandon and separate himself from plaintiff.
>
> "C.S., 1667, . . . and the amendments (G.S. 50-16) do not contemplate that a wife who wrongfully abandons and separates herself from her husband should be awarded subsistence and counsel fees."

The briefs and order of Judge Cowper indicate that plaintiff and defendant testified at the hearing. However, the testimony is not in the record. There is nothing to show that Judge Cowper did not fully consider the pleadings and the evidence, pass upon the truth and falsity thereof, and find according to his conviction. It must be presumed that the court, for the purposes of the motion, resolved the crucial issues of fact against plaintiff.

The provisions of the statute with reference to the allowance of attorney fees are to enable the wife to have means to employ adequate

counsel to meet her husband at the trial upon substantially even terms. The amount of the allowance is a matter for the trial judge. *Fogartie v. Fogartie,* 236 N.C. 188, 72 S.E. 2d 226. Provision was made for counsel fees. The order entered is not a final determination and does not affect the final rights of the parties.

The order entered below is

Affirmed.