ROBERT P. SHANNON v. BETTY Z. SHANNON.

(Filed 14 December, 1966.)

**Divorce and Alimony § 18—**

In the husband's action for divorce the law demands that the wife have equal facilities for presenting her defense, and therefore the allowance of counsel fees to the wife's attorney *pendente lite* will not be disturbed in the absence of a showing of abuse of discretion.

APPEAL by plaintiff from *McLaughlin, J.,* May 16, 1966 Nonjury Session of GUILFORD, Greensboro Division.

Divorce action upon ground of one-year separation. Plaintiff and defendant, his wife, entered into a separation agreement dated 17 September 1965, which was prepared by defendant's attorney. Defendant filed an answer to plaintiff's complaint, alleging that the separation was not voluntary on her part and that plaintiff abandoned her on 21 December 1964. She further alleged that the separation agreement was procured by threat, that plaintiff had failed to make payments according to the separation agreement, and prayed for support *pendente lite,* counsel fees, and for such other relief as might be just and proper. Defendant's lack of ability to pay counsel is not controverted. Plaintiff filed motion asking that portions of defendant's answer be stricken. The trial judge entered an order striking portions of the answer, denying defendant's motion for alimony *pendente lite,* and ordering plaintiff to pay the sum of $200 to defendant's attorneys. Thereupon, both plaintiff and defendant appealed to the Supreme Court. Only the plaintiff perfected his appeal.

*Jordan, Wright, Henson & Nichols by Luke Wright for plaintiff. Cahoon & Swisher for defendant.*

PER CURIAM. The sole question presented is: Did the trial judge err in awarding fees to defendant's counsel?

" 'Natural justice and the policy of the law alike demand that in any litigation between the husband and the wife they shall have equal facilities for presenting their case before the tribunal. This requires that they shall have equal command of funds, so that if she is without means, the law having tested the acquisitions of the two in him, he shall be compelled to furnish them to her to an extent rendering her his equal in the suit.' " *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436. See also *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24.

The amount of the allowance to defendant for her subsistence *pendente lite* and her counsel fees is in the discretion of the trial judge. He has full power to act without the intervention of a jury,

and his discretion in this respect is not reviewable, except in case of abuse. In this action for absolute divorce the defendant was within her rights to defend and assert such rights as she may be entitled to.

We find no abuse of discretion by the trial judge.

The order entered below is

Affirmed.