C. A. PACE v. HENRY M. McADEN ET AL.

(Filed 27 January, 1926.)

**1. Evidence—Declarations—Deeds and Conveyances—Title.**

In order for the declarations of a predecessor in title to be competent upon the question of disputed boundaries to land, in favor of a claimant under him, it is necessary for the party to show that the declarant was dead when such evidence is offered, that he was disinterested at the time of the declaration, and that it was made *ante litem motam* or before any controversy had arisen which affected his title to the lands in dispute.

**2. Same—Ante Litem Motam.**

The declarations of a predecessor in title as to the disputed boundaries of land are incompetent, when at the time they were made another lot of the lands adjoining the *locus in quo*, and equally affected by the declarations, was in dispute.

**3. Appeal and Error—Evidence—Unanswered Questions—Record.**

Where a question has been ruled out upon the trial and excepted to, it is required that it be made to appear of record what the answer of the witness would have been, for it to be considered on appeal.

**4. Deeds and Conveyances—Evidence—Boundaries—Location of Calls.**

Where there are two identical points called for in the boundaries determining the *locus in quo*, the location of which is determinative of the issue, it is competent for a party to show in favor of his title the true location of the point called for.

**5. Evidence—Hearsay—Questions for Jury.**

*Held*, under the facts of this case, evidence was properly excluded which was to a fact without the personal knowledge of the witness, and which was within the province of the jury to determine.

APPEAL by defendants from *Finley, J.,* at June Term, 1925, of CHEROKEE.

Action to determine title to land and to remove a cloud from title. The issues were answered as follows:

"1. Is the plaintiff's grant 15831 located as contended for by the plaintiff as shown in yellow lines on the map? Answer: Yes.

"2. Is the defendant's grant located as contended for by the defendants as shown by the red lines on the map? Answer: No.

"3. It was adjudged that the plaintiff is the owner of the land described in the complaint as indicated on the plat by the yellow lines and that the defendants have no right, title, or interest therein. The defendants excepted and appealed.

*Moody & Moody and R. L. Phillips for plaintiff.*
*M. W. Bell and Dillard & Hill for defendants.*

ADAMS, J. The plaintiff claims title under a grant (No. 15831), issued to Eunice Postell on 28 March, 1903, and registered on 5 May next succeeding, and upon the trial he introduced mesne conveyances connecting his title with that of the grantee. The defendants claim under a grant (No. 3111), issued to E. B. Olmsted on 10 November, 1867, and registered 4 June, 1884, and upon the trial it was admitted that they have an unbroken chain of title and have succeeded to whatever title Olmsted acquired under this grant. It is therefore obvious that the point of divergence is the location of the grants from which the parties respectively derive their title. Practically all the exceptions taken by the defendants relate to this question.

E. C. Mease, a surveyor introduced by the plaintiff, testified that the platted distance of the first line in the Postell grant is 13 poles in excess of the length designated in the grant; and he was asked on cross-examination whether, if the line stopped at the distance called for, all the following calls shown by the yellow lines would not be changed. Upon objection by the plaintiff the answer was excluded and the defendants excepted. The witness would have answered, "We then ran the remainder of the calls from this point at H, which was 13 poles further than the grant calls." If it be granted that the proposed answer was responsive to the question, an assumption which is not undisputed, it was inadmissible. The line begins "on the southeast corner of tract 642 and runs with the line of said number and No. 356 west 180 poles to the southwest corner of No. 356." The location of the line involves both law and fact, for if the jury should find the southwest corner of No. 356 to be where the plaintiff contends it is, the line would be extended to this corner. For this reason it was not competent to show that the line would neces-

sarily be deflected at the end of 180 poles. *Gilchrist v. McLaughlin,* 29 N. C., 310; *Miller v. Cherry,* 56 N. C., 24; *Bowen v. Gaylord,* 122 N. C., 816; *Lumber Co. v. Bernhardt,* 162 N. C., 460; *Gray v. Coleman,* 171 N. C., 344; *Miller v. Johnston,* 173 N. C., 62. The first exception is overruled.

The beginning corner of the defendants' land is at "a water oak, a corner of No. 7290, on the county line." For the purpose of showing the corner of No. 7290 the defendants introduced a grant to Olmsted purporting to convey the land in No. 7290 and calling for its beginning corner on a water oak west of Young's camp. It is contended that the beginning corner of both the Olmsted grants is at this oak. The defendants proposed to ask their witness, James H. Crisp, whether William Young had pointed out to him the location of Young's camp. Young was

then dead and had had no interest in the land. At that time a suit was pending between McAden and one Wright, and the witness surveyed both the Olmsted grants under an order of court. Young's declaration was excluded and the defendants excepted. Exceptions 3 and 4. Whether both the Olmstead grants were then in controversy is immaterial, for they have a common beginning corner, and the location of this corner would affect, if not determine, the location of each tract.

The requirements for the admission of unsworn declarations are that the declaration be made *ante litem motam,* that the declarant be disinterested when it is made and that he be dead when it is offered in evidence. *Yow v. Hamilton,* 136 N. C., 357; *Hemphill v. Hemphill,* 138 N. C., 504; *Sullivan v. Blount,* 165 N. C., 7; *Hoge v. Lee,* 184 N. C., 44; *Tripp v. Little,* 186 N. C., 215, 218. In the case last cited it is said the term *"ante litem motam"* does not apply merely to the suit then being tried, but refers also to the origin of the controversy between the parties or their predecessors in title, which resulted in the suit. And in *Rollins v. Wicker,* 154 N. C., 559, the commencement of the controversy is defined to be "the arising of that state of facts on which the claim is founded"; and it is therein held that evidence of this character should refer to a period "when this fountain of evidence was not rendered turgid by agitation."

When the proffered declaration of William Young was made in the presence of Crisp, the location of the beginning corner of No. 7290 (grant 3120), was in controversy; this corner, as we have said, is a corner of No. 7391 (grant 3111); and the situation of Young's camp had a direct bearing upon the location of the beginning corner of the two Olmsted grants. A controversy then existed between the defendants or their predecessor and Wright and the excluded declaration was not made *ante litem motam.* Defendants, however, cannot complain, because the witness afterwards testified that in 1915 Young pointed out to him the location of Young's camp.

The evidence to which the fifth exception relates was correctly excluded; its admission would have been an invasion by the witness of the province of the jury. There is no evidence that the witness was present when the line was run or that his proposed evidence was based on his personal knowledge.

The sixth, seventh and eight exceptions also are untenable as will appear from what we have said in the discussion of the third and fourth; and as to the ninth and tenth the record does not disclose the anticipated answer of the witness, and we cannot assume that it would have been favorable to the defendants. *Snyder v. Asheboro,* 182 N. C., 708; *S. v. Collins,* 189 N. C., 15.

On the plat are two points referred to as Young's camp ground. The plaintiff insisted on one as the correct location and the defendants on the other. The plaintiff contended that a corner of grants 3020 and 3111 had been changed by the Legislature at the instance of the defendants or those under whom they claim title, and on the cross-examination he attempted to show that a witness for the defendants had found a hickory near the camp at the head of Trail Ridge. The defendants excepted to the admission of this evidence (exception 11), but in our opinion it was competent, as was also the evidence on the same question which is the subject of the sixteenth exception. There are two or three other exceptions, but they must be overruled under principles which are familiar and require no discussion.

We find

No error.