KATE KENNINGTON BYRUM v. ERNEST BYRUM.

(Filed 28 January, 1935.)

**Divorce E c—Where wife leaves husband's home without excuse or justification she is not entitled to alimony without divorce.**

> Where in an action for alimony without divorce the wife alleges that she left the home of her husband because of his conduct toward her, but the jury answers the issue in conformity with the contention of the husband that the wife left his home without excuse or justification, the wife is not entitled to alimony.

APPEAL by defendant from *Stack, J.,* at June Term, 1934, of MECK-LENBURG. Reversed.

The plaintiff and the defendant were married to each other on 4 March, 1925. They lived together as husband and wife in a home in this State, which was provided by the defendant, until 24 February, 1932, when the plaintiff left the home of the defendant.

Two children were born of the marriage of the plaintiff and the defendant, one, a boy about four years of age, who is now in the custody of the defendant, the other, a girl about one year of age, who is now in the custody of the plaintiff.

This action was begun by the plaintiff on 15 June, 1932, for the custody of her son and for alimony without divorce.

The plaintiff alleges in her complaint that on 24 February, 1932, because of the conduct of the defendant toward her, she left her home and went to the home of her father, where she has since resided.

The defendant in his answer denies the allegations of the complaint with respect to his conduct toward the plaintiff, and alleges that plaintiff left his home without excuse or justification; he further alleges in defense of plaintiff's recovery in this action that since she left his home the plaintiff has on many occasions committed acts of adultery.

The issues submitted to the jury were answered as follows:

"1. Did the plaintiff commit acts of adultery, as alleged in the defendant's answer? Answer: 'No.'

"2. Did the defendant, by his conduct, make the condition of the plaintiff intolerable and her life burdensome, as alleged in the complaint? Answer: 'No.'"

On the verdict and the facts set out in the judgment, it was ordered and adjudged by the court that the defendant pay to the plaintiff from time to time, for her support and the support of her infant daughter, certain sums of money.

The defendant excepted to the judgment and appealed to the Supreme Court.

*Carswell & Ervin for defendant.*

CONNOR, J. The judgment in this action is reversed on the authority of *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222. In that case it is said that "as long as the fifth issue stands undisturbed, it would seem that the defendant (his wife) is not entitled to the relief demanded by her, certainly not to allowance for alimony and counsel fees." In the instant case, in view of the allegation in the complaint that the plaintiff left the home of the defendant, taken in connection with the answer to the second issue, establishing the contention of the defendant that plain-

tiff left his home without excuse or justification, the plaintiff is not entitled to alimony. See *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9. On the verdict, the defendant is entitled to judgment that plaintiff take nothing by her action.

The judgment is reversed and the action remanded to the Superior Court of Mecklenburg County, with direction that judgment be entered in accordance with this opinion.

Reversed.