## MARGARET NANCE REECE v. DAVIS J. REECE.

(Filed 10 May, 1950.)

**Divorce and Alimony § 12—**

> The right to subsistence pending trial in a wife's action under G.S. 50-16, does not exist in favor of a wife who has abandoned her husband without just cause.

APPEAL by plaintiff from *Burney, J.,* at Chambers, 21 January, 1950, in action pending in the Superior Court of NEW HANOVER County.

Independent action for subsistence without divorce under G.S. 50-16.

It is alleged by plaintiff and admitted by defendant that the parties are husband and wife, and that they have been living in a state of separation since 3 September, 1947. The complaint states a good cause of

action for subsistence without divorce under the provision of G.S. 50-16 authorizing such relief for a wife whose husband has separated himself from her and failed to provide her with necessary subsistence according to his means and conditions in life. *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641. The answer denies all misconduct on the part of the defendant, and alleges affirmatively that the separation of the parties was caused by the act of the plaintiff in abandoning the defendant without just cause. The plaintiff applied to the court for an allowance for subsistence from the estate or earnings of the defendant pending the trial, and the defendant appeared in opposition to the application. The court heard the pleadings, affidavits, and oral testimony of the parties, and made full findings of fact thereon, including the specific finding "that the defendant, Davis J. Reece, did not abandon the plaintiff, Margaret Nance Reece, as alleged in the plaintiff's complaint; but, on the contrary, the plaintiff . . . voluntarily of her own free will and accord, without any fault on the part of the defendant, abandoned the defendant on September 3, 1947." The court thereupon entered an order denying the application of the plaintiff for an allowance of subsistence pending the trial, and the plaintiff appealed, assigning such ruling as error.

*Walton Peter Burkhimer for plaintiff, appellant.*
*Allen & Henderson and Aaron Goldberg for defendant, appellee.*

ERVIN, J. The statute now codified as G.S. 50-16 was enacted to establish an efficient procedure for enforcement of the marital right of the wife to support by the husband. Such right does not exist, however, in favor of a wife who has abandoned her husband without just cause. This being true, the court rightly refused the application of the plaintiff for an allowance for subsistence from the estate or earnings of the defendant pending the trial. *Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158; *McManus v. McManus,* 191 N.C. 740, 133 S.E. 9. See, also: *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1; and *Byrum v. Byrum,* 207 N.C. 655, 178 S.E. 97. In consequence, the order in question is

Affirmed.