ANNE McKOY PARKER v. WILLIAM MARVIN PARKER.

(Filed 17 January 1964.)

**1. Divorce and Alimony § 18—**
     It is error for the court upon the hearing of the wife's application for alimony *pendente lite* to confine the hearing to the respective earnings of

the parties and refuse to hear the husband's affidavit or evidence in support of his contentions that he had not abandoned his wife but had been forced to leave home because the wife's conduct made it impossible for him to live with her, since a wife who has abandoned her husband without justification has no right to alimony. G.S. 50-16.

APPEAL by the defendant from *Phillips, J.,* May 27, 1963 Session of WAKE.

The plaintiff wife, alleging that defendant had wilfully abandoned her and the minor child of their marriage, instituted this action under G.S. 50-16 to recover a reasonable subsistence and counsel fees. She alleged, *inter alia,* that defendant had purposely relinquished employment by a chemical company at an annual salary of ten thousand dollars to operate a bonded warehouse for his mother at reduced earnings in order to evade his marital responsibilities. Answering, the defendant denied all material allegations of the complaint except the marriage and birth of the child. He alleged that he had been forced to leave home because plaintiff's conduct made it impossible for him to live with her. He requested the court to determine a reasonable amount for the support of the child only and to award him appropriate custodial and visitation rights.

Upon the hearing on plaintiff's application for alimony *pendente lite,* she offered in evidence seven affidavits, including her own, and testified in person. On direct examination, she stated that defendant had moved out of the home without any excuse on April 5, 1963, and had since contributed only twenty-four dollars a week for the combined support of his wife and child.

After a few preliminary questions on his cross-examination of the plaintiff, the court interrupted defendant's attorney with the pronouncement, "This hearing will be limited only to evidence of the earnings and income of the parties." The defendant objected; he was overruled, and his exception is brought forward on this appeal as assignment of error No. 3. Thereupon, plaintiff testified that her gross income for a forty-hour week was seventy-eight dollars. The defendant testified that his gross monthly salary was four hundred dollars and that his employer owed him more than one thousand dollars for unpaid travel expenses.

The judge found that the defendant had abandoned his wife and child without providing them with adequate support according to his means and capacity. He awarded plaintiff the custody of the minor child and ordered that defendant pay two hundred and fifty dollars a month for their support. He also ordered the defendant to pay plaintiff's counsel the sum of two hundred dollars. The defendant,

contending that the award was excessive considering the respective earnings of the parties and that he had been denied a hearing on the plaintiff's right to alimony, appealed from the order.

*George M. Anderson for plaintiff appellee.*
*Emanuel & Emanuel for defendant appellant.*

PER CURIAM. Defendant's assignment of error No. 3 must be sustained. G.S. 50-16 does not authorize the judge, in passing on a motion for alimony *pendente lite*, to award a wife subsistence and counsel fees merely because she and her husband have separated. A wife who has abandoned her husband without just cause or who, by her wrongful conduct has forced him to leave home, has no right to alimony. *Reece v. Reece*, 232 N.C. 95, 59 S.E. 2d 363. The instant case is controlled by *Ipock v. Ipock*, 233 N.C. 387, 64 S.E. 2d 283, in which *Denny, J.*, (now C. J.) said:

". . . . (I)t is expressly provided in G.S. 50-15, 'That no order allowing alimony *pendente lite* shall be made unless the husband shall have had five days notice thereof, and in all cases of application for alimony *pendente lite* under this or section 50-16, whether in or out of term, it shall be permissible for the husband to be heard by affidavit in reply or answer to the allegations of the complaint.'

"Consequently, in passing on such motion the judge is expected to look into the merits of the action and determine in his sound legal discretion, after considering the allegations of the complaint and the evidence of the respective parties, whether or not the movant is entitled to the relief sought. (Citations omitted). And where it affirmatively appears the defendant was not permitted to offer evidence which was pertinent to the allegations of the complaint, the exception thereto will be sustained. (Citation omitted)."

Upon another hearing, when the evidence of both parties has been heard and considered, should the judge conclude that the plaintiff is entitled to alimony *pendente lite* and that the defendant is deliberately refusing to exercise his capacity to earn, specific findings with reference to this situation will be in order. *Conrad v. Conrad*, 252 N.C. 412, 113 S.E. 2d 912.

The defendant is entitled to a rehearing on the motion and it is so ordered.

Error and remanded.