IRIS SUE APPERSON SELF, PLAINTIFF v. JOHN BURTON SELF, JR., DEFEND-
ANT

No. 7721DC765

(Filed 11 July 1978)

1. **Divorce and Alimony § 17.3— indignities no bar to alimony—award of reduced
   alimony proper**
       In an action for alimony where plaintiff alleged abandonment and defend-
   ant's adultery as grounds for alimony and the defendant counterclaimed for
   divorce from bed and board based on plaintiff's constructive abandonment of
   him and her indignities against him over a period of time, the trial court did
   not abuse its discretion in reducing the amount of alimony awarded plaintiff,
   rather than denying her alimony altogether, and the court was not required to
   set out the amount of the reduction in alimony in its judgment. G.S. 50-16.5(b).

2. **Divorce and Alimony § 17.3— alimony action—attorney fees—findings re-
   quired**
       The trial court erred in failing to set out findings of fact upon which it
   could base an award of attorney fees.

APPEAL by defendant from *Tash, Judge.* Judgment entered
22 April 1977 in District Court, FORSYTH County. Heard in the
Court of Appeals 20 June 1978.

Plaintiff brought this action for alimony, child custody and
support, and attorney fees after defendant moved out of the fami-
ly home on 6 April 1975. She alleged abandonment and the de-
fendant's adultery as grounds for alimony. The defendant
counterclaimed for divorce from bed and board based on the
plaintiff's constructive abandonment of him and her indignities
against him over a period of time. One of the parties' children is
still a minor; both lived in the family home with their mother at
the time of the trial. Evidence at the trial detailed a badly
deteriorated relationship between the parties, with conditions
worsening over a period of many years. There was evidence that
defendant was seldom home, that plaintiff quarrelled with him
and refused to sleep with him when he was at home. There was
also evidence that defendant had committed adultery. One Phoebe
Walton admitted that she carried on an adulterous relationship
with defendant but said that she did not commit an act of
adultery with defendant until shortly after plaintiff and defendant
separated early in April of 1975. There was evidence, however,

that she had been acquainted with defendant since 1970. There was also evidence that, several years before plaintiff and defendant separated, Phoebe Walton and two other women spent a weekend in defendant's beach home. Mrs. Walton testified that the women occupied a separate apartment in the house from the one occupied by defendant. Defendant did, however, entertain the women by taking them flying, on boat rides, and on dining excursions.

The jury found that the parties were married in 1949, that the defendant did commit adultery, and that the plaintiff offered such indignities to the defendant as to render his condition intolerable. After further hearing on the needs and means of the parties, the judge made findings of fact and conclusions of law. He then ordered that possession of the family home be awarded to plaintiff during the minority of her daughter, that plaintiff be given custody of the child, that defendant pay $200.00 per month in "reduced" alimony and that he pay $300.00 per month for support of the child. Defendant was ordered to pay $1,500.00 toward plaintiff's counsel fees.

*Frye, Booth & Porter, by Leslie G. Frye and R. Michael Wells, for plaintiff appellee.*

*White and Crumpler, by Fred G. Crumpler, Jr., and Michael J. Lewis, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant assigns as error the court's failure to find that plaintiff's indignities to him constituted a bar to alimony. G.S. 50-16.5(b) provides that "the fact that the dependent spouse has committed an act or acts which would be grounds for alimony if such spouse were the supporting spouse shall be grounds for disallowance of alimony *or* reduction in the amount of alimony when pleaded in defense by the supporting spouse" (emphasis added). After the jury found that the plaintiff, without provocation, offered such indignities to the defendant as to render his condition intolerable and his life burdensome and also found that defendant had committed adultery, then the court in its discretion could bar plaintiff's right to alimony or merely reduce the amount of her alimony. The court concluded that "the conduct of the plaintiff was not such as should bar her right to alimony, but will

be considered by the Court in allowing reduced alimony." This option is clearly provided for by the statute. Defendant's reliance on the case of *Parker v. Parker*, 261 N.C. 176, 134 S.E. 2d 174 (1964) is misplaced. In that case the trial court had refused to allow the husband to be heard on the cause of the separation and entered an order allowing alimony. The Supreme Court reversed the order and remanded the case for a rehearing. Moreover, the then applicable G.S. 50-15 did not contain a provision for "reduced" alimony. We are not persuaded by defendant's argument that we should hold that the indignities committed by the wife prior to the separation should absolutely bar her right to alimony arising out of her husband's adultery. The Legislature has seen fit to leave that question for resolution by the trial judge in the exercise of his discretion on a case by case basis. The record before us discloses no abuse of discretion. Defendant also contends that where reduced alimony is appropriate the court should set out the amount of the reduction in its judgment. We do not agree. The amount of alimony to be awarded lies in the sound discretion of the trial judge. *Beall v. Beall*, 290 N.C. 669, 228 S.E. 2d 407 (1976); *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). In the absence of abuse of that discretion, the award will not be disturbed. The same should be true for reduced alimony. The alimony awarded plaintiff was significantly less than the amount found to be her reasonably necessary monthly expenses. The court specifically concluded that her alimony should be reduced. There is no evidence that the court abused its discretion in finding the amount of reduced alimony.

[2] We have reviewed defendant's further assignments of error and find that, with one exception, they fail to disclose prejudicial error. Defendant correctly argues that the court failed to set out findings of fact upon which it could base the award of attorney fees. The facts that were found clearly support an award in some reasonable amount. Plaintiff's counsel did submit an affidavit which would certainly support an award of fees in the amount requested. Our Court has held, however, that the trial court must set out the findings of fact upon which the award is made. *See Wyatt v. Wyatt*, 32 N.C. App. 162, 231 S.E. 2d 42 (1977); *Rickenbaker v. Rickenbaker*, 21 N.C. App. 276, 204 S.E. 2d 198 (1974); *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971). Plaintiff will, most likely, be entitled to an additional amount for

reasonable counsel fees for services rendered since the entry of the judgment. That part of the order awarding attorney fees is, therefore, vacated and remanded for further proceedings in accordance with this opinion. In all other respects, the judgment is affirmed.

Affirmed in part; vacated in part.

Judges MORRIS and MARTIN concur.