Clark v. Clark

LORAN S. CLARK v. MARGARET J. CLARK

No. 7914DC245

(Filed 5 February 1980)

1. **Divorce and Alimony § 16.9— amount of alimony—discretion of court**

   Although the factors in G.S. 50-16.5(a) must be considered by the trial judge in determining the amount of alimony to be awarded, his determination of the proper amount will not be disturbed absent a clear abuse of discretion.

2. **Divorce and Alimony § 16.5— alimony action—estimate of future value of stock—incompetency**

   The trial court in an alimony action properly excluded a handwritten statement by plaintiff-husband of probable future increases in the value of his stock in a motel which indicated a higher value at the time of trial than plaintiff-husband testified at trial, since the statement was nothing more than an estimate and of little probative value.

3. **Divorce and Alimony § 16.9— amount of alimony—finding that budgeted expenses not "necessary"**

   The trial court's finding that all of the items in the budget submitted by defendant-wife were not "necessary" items did not show that the court applied an improper standard in determining the amount of alimony for the wife of a wealthy man, since it is clear that the court considered "necessary" expenses in terms of what was necessary for a woman married to a man of substantial means rather than what was necessary for bare subsistence.

4. **Divorce and Alimony § 16.9— amount of alimony—income tax consequences**

   An award of alimony to defendant-wife was not erroneous on the ground that the trial judge failed to consider the income tax consequences of the award where defendant-wife did offer evidence at trial of her potential income tax liability, and there is no indication in the record that this liability was not one of the factors taken into consideration in the determination of the amount of alimony.

5. **Divorce and Alimony § 16.9— alimony order—failure to provide for possession of homeplace**

   The trial court did not abuse its discretion in failing to make some provision in its alimony order for possession of the parties' homeplace.

6. **Divorce and Alimony § 18.16— alimony action—amount of counsel fees—no abuse of discretion**

   The court's award of only $500 in legal fees to the wife in an alimony action was not so patently unreasonable as to constitute an abuse of discretion in view of the court's finding that the wife had assets at the time of trial of approximately $87,000, including stocks, bonds and savings accounts and a one-half interest in the parties' homeplace.

---

**Clark v. Clark**

---

7. **Divorce and Alimony § 16.9— alimony order—division of household furnishings—absence of authority**

The trial court erred in ordering the parties in an alimony action to divide the household furnishings in the homeplace in a mutually agreeable manner where neither party requested any property division in the pleadings, the parties stipulated that the sole issue to be determined at trial was the amount and type of alimony to which defendant-wife was entitled, and there was no indication that the court was ordering a transfer of property as payment of alimony as permitted by G.S. 50-16.7.

Judge ERWIN dissenting.

APPEAL by defendant from *Pearson, Judge.* Judgment signed 10 November 1978 in District Court, DURHAM County. Heard in the Court of Appeals 15 October 1979.

This action was instituted by plaintiff-husband against defendant-wife on 29 March 1977 seeking a divorce from bed and board. Defendant-wife counterclaimed for alimony *pendente lite,* permanent alimony, and attorney fees, alleging that defendant had unjustifiably abandoned her and had willfully failed to provide her with necessary subsistence.

In an order entered 19 May 1977, the court found that the parties had been married on 16 January 1954, that no children had been born of the marriage, and that plaintiff-husband was the supporting spouse and defendant-wife the dependent spouse. It awarded defendant-wife alimony *pendente lite* in the amount of $1400.00 per month, continued possession of the parties' dwelling house, and $600.00 in attorney's fees. Defendant-wife was ordered to make all payments on the mortgage on the dwelling, insurance, *ad valorem* taxes, and to pay the costs of ordinary repairs and upkeep of the house.

Prior to the hearing in this case, the parties stipulated that plaintiff-husband would withdraw his complaint for divorce from bed and board. Plaintiff-husband agreed to stipulate that defendant-wife was the dependent spouse and that the only question for the court would be the amount and type of permanent alimony and other relief to which defendant-wife was entitled. The award of attorney's fees was to be in the trial court's discretion.

The case came on for hearing before Judge Pearson on 18 October 1978. Based upon the testimony of both parties as well as

exhibits offered by each, the trial judge signed an order on 10 November 1978 in which he made findings of fact, in part, as follows:

> 3. That the defendant Margaret J. Clark is entitled to an award granting unto her permanent alimony and support.

> 4. That the parties married on the 16th day of January, 1954.

> 5. That prior to their marriage, the plaintiff had invested approximately $100,000 of his money and begun construction of the Eden Rock Motel and that defendant had been employed as a secretary for approximately 15 years, the last seven immediately preceding her marriage as a secretary to Mr. Watts Hill in Durham, North Carolina.

> 6. That immediately subsequently to the marriage both the husband and the wife worked at the Eden Rock Motel in Durham and the wife remained as a salaried employee for approximately a one year period of time thereafter; that in 1962 the parties moved to Puerto Rico where the husband was engaged in a golf glove manufacturing company while the wife supported the husband by entertaining and other business-related activities; she was not again employed outside the home up through the date of the separation of the parties.

> 7. That the parties continued to live together until on or about December 6, 1976, when the husband separated himself from the wife.

> 8. That pior to the separation and in 1974 the parties purchased as tenants by the entirety a residence located at 1918 Wilshire Drive, in the City of Durham at an original cost of $75,000; that at the present time the balance of the mortgage on said residence and homeplace is approximately $45,000.

> 9. That since the date of the separation the wife has lived in the homeplace and continues to reside there, pursuant to the Order of the Honorable E. Lawson Moore, then Chief District Judge of the Durham County District Court on May 19, 1977.

10. That the wife is the owner of a 1974 Dodge Monaco automobile with approximately 15,000 miles which has no lien against it.

11. That since the date of the separation the wife has not been employed outside the home and she has continued to live alone in the homeplace of the parties on Wilshire Drive and been responsible for and made payments on the morgage, taxes, insurance and general upkeep and care of the house owned by the parties as tenants by the entirety.

12. That the defendant has medical and physical problems which include cataracts, bursitis and some bone deterioration.

13. That the plaintiff, Loran S. Clark, used his funds from the Eden Rock Motel and the glove manufacturing concern and invested in Landmark Inns of Durham, Inc., and is chairman of the board and treasurer of Landmark Inns of Durham, Inc. (operated as "The Hilton Inn") in the City of Durham, North Carolina and has the controlling interest in said company. This business represents his second hotel/motel operation in Durham since the sale of the Eden Rock Motel in 1963-64.

14. Mr. Clark has a salary as a result of his employment as chief operating officer of The Hilton Inn of $72,000 in 1976 ($52,000 regular salary and a $20,000 bonus); a salary of $79,560 for 1977 and the same salary thus far in 1978.

15. That Landmark Inns of Durham, Inc., is and has been a Subchapter S corporation and that there have been additional dividends and undistributed income to the plaintiff in recent years; that the corporation has elected to terminate its Subchapter S status effective 1979.

16. That Mr. Clark is an equal partner with two other individuals in a motel operation in Myrtle Beach, South Carolina known as "The Four Seasons Motor Inn". However, the liabilities exceed the assets in this venture and the tax returns for Mr. Clark indicated losses for 1975 through 1977.

17. That in addition to these interests, the plaintiff Loran S. Clark is the owner of a condominium in Pebble

Creek, Durham, North Carolina, and is the owner of two va-
cant lots east of New Bern, North Carolina, which constitute
one-acre of land and cost approximately $17,000.

18. That there is $300,000 worth of life insurance on Mr.
Clark's life maintained by Landmark Inns of Durham, Inc., on
which Landmark Inn of Durham, Inc., is the beneficiary.

19. That Mr. Clark's net worth by estimate in 1975 was
approximately $650,000.

20. That Mr. Clark had a savings account as of March
1978 with a balance of approximately $74,000.

21. That at the time of the marriage of the parties the
wife, Margaret J. Clark had less than $5000 available to her
and, subsequent to the marriage, inherited approximately
$18,000 from a relative; that at the time of this trial, the wife
has assets including stock, bonds and savings accounts and
her one-half (½) interest in the home, of approximately
$87,000.

22. That during the course of the marriage of the plain-
tiff and defendant the parties accumulated certain fine art
objects which included silverware, porcelain and antique fur-
niture which property and objects had been purchased
primarily by Mr. Clark and that said objects have a value of
between $7,500 and $55,000, which objects have remained in
the homeplace pending this trial.

23. That the parties were, prior to the separation,
members of the Hope Valley Country Club in Durham, North
Carolina, although they did not make great use of the club's
facilities for entertaining purposes prior to their separation,
nor have either of them subsequent to the separation.

24. That during the 22 years of marriage, the parties did
travel together from time to time and had at least one world
tour lasting approximately seven months, have sailed boats
in and around the Caribbean, have travelled to Canada and to
the mountains of North Carolina, but did not travel exten-
sively in the last three years of their living together.

25. That during the course of their marriage the parties were accustomed to dressing well and generally ate the best of foods.

26. That since the separation, and specifically since May, 1977, the wife's sources of income have included the $1400 per month alimony that has been paid to her, pursuant to the *pendente lite* Order of Judge Moore and approximately $3000 per year in interest and dividends.

27. That at the time of the *pendente lite* Order in this matter, Mrs. Clark had a savings account balance of approximately $4350 and at the time of this trial, that savings account balance was approximately $13,350.

28. That the Court does not feel that all of the items on the budget submitted by the wife, Margaret J. Clark, on her Exhibit 1, are needed or necessary items.

29. That the wife has received legal assistance and was entitled to receive legal assistance from Egbert L. Haywood, Esquire, and that those services have been of value to her.

The court concluded that defendant-wife was a dependent spouse, and plaintiff-husband a supporting spouse within the meaning of G.S. 50-16.1, and, further, that defendant-wife was entitled to live in a lifestyle to which she had been accustomed during the marriage and up to and including the date of the separation of the parties on 6 December 1976. The court expressly declined to order division or writ of possession as to the parties' homeplace. Plaintiff-husband was ordered to pay permanent alimony in the amount of $1500.00 per month and part of defendant-wife's attorney fees in the amount of $500.00. From this order defendant-wife appeals.

*Maxwell & Freeman, P.A., by James B. Maxwell for plaintiff-appellee.*

*Haywood, Denny & Miller by Egbert L. Haywood for defendant-appellant.*

PARKER, Judge.

Defendant-wife first contends that there was error in the award of $1500.00 per month in alimony on the grounds that the

trial court failed to consider the income tax consequences of the award; that it applied an improper standard in evaluating her expenses in light of the plaintiff's income and estate; and that the court abused its discretion in failing to make provision for possession of the parties' homeplace. We find no error in the award of permanent alimony.

[1,2]  G.S. 50-16.5(a) provides: "Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." Although the factors in G.S. 50-16.5(a) must be considered by the trial judge in determining the amount of alimony to be awarded, his determination of the proper amount will not be disturbed absent a clear abuse of discretion. *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975); *Schloss v. Schloss*, 273 N.C. 266, 160 S.E. 2d 5 (1968); *Sayland v. Sayland*, 267 N.C. 378, 148 S.E. 2d 218 (1966). We find no such abuse of discretion in the present case. The trial judge, as required by G.S. 50-16.5(a), made extensive findings of fact concerning plaintiff-husband's substantial income and estate, defendant-wife's individual estate, and the parties' high standard of living during their marriage. Defendant-wife contends that the trial court failed to take into account the entire value of plaintiff-husband's estate because it excluded from evidence Defendant's Exhibit 14, a handwritten statement by plaintiff-husband in which he estimated the value of his controlling interest in Landmark Inns of Durham, Inc. as of 1976 at $202,000 and forecasted probable annual increases in the value of his Landmark shares of at least $100,000 per year after May 1976. We find no error in the exclusion of this evidence. At the time of trial in October 1978 plaintiff-husband testified that he owned 89,333 shares of stock in Landmark Inns of Durham, and that the current value of the stock was $.61 per share. Although the excluded exhibit, which had been written by plaintiff-husband some time prior to May 1976, contained plaintiff-husband's estimate of probable future increases which would indicate a higher value in 1978 than plaintiff-husband stated at trial, it was nothing more than an estimate and of little probative value.

[3]  Defendant-wife has also assigned error to the court's finding that "all of the items on the budget submitted by the wife, Margaret J. Clark, on her Exhibit 1 are [not] needed or necessary

items." Defendant-wife contends that the finding, which refers to "needed or necessary" items, demonstrates that the court applied an improper standard in determining the amount of alimony. It is true that "[t]he wife of a wealthy man, who has abandoned her without justification, should be awarded an amount somewhat commensurate with the normal standard of living of a wife of a man of like financial resources." *Schloss v. Schloss, supra* at 272, 160 S.E. 2d at 11; *see also, Taylor v. Taylor,* 26 N.C. App. 592, 216 S.E. 2d 737 (1975). However, viewed in the context of the findings of fact concerning the accustomed living standard of the parties, the court's use of the word "necessary" with regard to defendant-wife's evidence of expenses is not inconsistent with the standard outlined in *Schloss v. Schloss, supra.* It is clear that the court considered "necessary" expenses in terms of what was necessary for a woman married to a man of substantial means, rather than in terms of what was necessary for bare subsistence, and determined that $400.00 of the $1900.00 monthly expenses which she claimed were not necessary even for a woman of her accustomed standard of living. Defendant-wife's assignment of error directed to this finding of fact is, therefore, overruled.

[4] Neither do we find that the award should be reversed on the ground that the trial judge failed to consider the income tax consequences of the award. It is true that the court made no specific finding of fact concerning the tax implications involved. However, defendant-wife did offer evidence of her potential income tax liability at trial, and there is no indication in the record that this liability was not one of the factors taken into consideration in the determination of the amount of alimony to which defendant-wife was entitled. Again, no clear abuse of discretion has been shown.

[5] Defendant-wife also contends that the award must be reversed because of the failure of the court to make some provision in its order for possession of the parties' homeplace. In its conclusions of law, the court expressly stated that no division or writ of possession as to the homeplace of the parties was to be made in the judgment. Under G.S. 50-16.7(a), the court *may* order payment of alimony by possession of real property. Further, G.S. 50-17 provides that "[i]n all cases in which the court grants alimony by the assignment of real estate, the court has power to issue a writ of possession when necessary in the judgment of the court to do so." While the court has authority to order a transfer of title or

possession of real property, the provisions of G.S. 50-16.7(a) and
G.S. 50-17 do not require it to do so. *See, Spillers v. Spillers*, 25
N.C. App. 261, 212 S.E. 2d 676 (1975). We find no abuse of discre-
tion in the trial judge's failure to do so in the present case, par-
ticularly in view of defendant-wife's failure to request this relief
in her pleadings.

[6] Defendant-wife then assigns error to the trial court's award
of $500.00 in legal fees on the ground that the amount is not sup-
ported by sufficient findings of fact or conclusions of law. In its
judgment of 10 November 1978, the court found that at the time
of trial, defendant-wife had assets, including stocks, bonds and
savings accounts and a one-half interest in the parties' homeplace,
of approximately $87,000. Based on this finding, it concluded that
defendant-wife was "entitled to some partial assistance on legal
expenses incurred in this matter." It is well established that the
amount of attorney's fees to be awarded is within the sound
discretion of the trial judge and is not reviewable except for
abuse of discretion. *Stanback v. Stanback*, 270 N.C. 497, 155 S.E.
2d 221 (1967); *Stadiem v. Stadiem*, 230 N.C. 318, 52 S.E. 2d 899
(1949). "The purpose of the allowance for attorney's fees is to put
the wife on substantially even terms with the husband in the
litigation." *Stanback v. Stanback, supra* at 509, 155 S.E. 2d at 230;
*accord, Harrell v. Harrell*, 253 N.C. 758, 177 S.E. 2d 728 (1961). In
view of the court's finding concerning defendant-wife's substantial
individual estate, we are unable to conclude that the amount
awarded was so patently unreasonable as to constitute an abuse
of discretion.

[7] Defendant-wife finally assigns error to that portion of the
judgment ordering the parties to divide the household furnishings
located in the homeplace in a mutually agreeable manner. We
agree that the court was without power to order such a division.
Neither party requested any property division in the pleadings,
and in their pre-trial stipulation, they agreed that the sole issue
to be determined at trial was the amount and type of alimony to
which the defendant might be entitled. Plaintiff-husband argues
that the order for division was an appropriate exercise of the
court's powers under G.S. 50-16.7. That statute provides in perti-
nent part:

(a) Alimony . . . . shall be paid by lump sum payment, periodic payments, *or by transfer of title or possession of personal property* or any interest therein, . . . as the court may order.

Although the statute clearly vests the court with power to order a transfer of personalty, that power does not exist independently of the court's power to order alimony for the dependent spouse. G.S. 50-16.7 contemplates such transfers only in terms of satisfaction of the obligation to support. In the present case, there is no indication that the court was ordering a transfer of property as payment of alimony, and the statute is, therefore, inapplicable. Unless the parties choose to make a division between themselves or properly to invoke the jurisdiction of the court to order such division, the parties may not be ordered to divide their property.

That portion of the judgment awarding defendant-wife $1500 per month in alimony and $500.00 in attorney's fees is

Affirmed.

That portion of the judgment ordering plaintiff and defendant to divide the property located in their homeplace is

Vacated.

Judge MARTIN (Robert M.) concurs.

Judge ERWIN dissents.

Judge ERWIN dissenting.

I dissent from that part of the majority's opinion which affirms the judgment awarding defendant-wife $1500 per month in alimony. I would hold that the trial court abused its discretion by inadvertence or by accident.

The order for alimony *pendente lite* of 19 May 1979, entered by Judge Moore, provided *inter alia*:

"That the defendant shall have the continued use, occupancy and possession of the homeplace located at 1918 Wilshire Drive in Durham, North Carolina, and shall pay

from the alimony *pendente lite* ordered herein all ordinary expenses in connection therewith, including mortgage payments, insurance, ad valorem taxes and ordinary repairs and upkeep."

In the order for permanent alimony, plaintiff-husband was ordered to pay defendant-wife $1500 per month without any reference to the payments of the mortgage, insurance, *ad valorem* taxes, and ordinary or major repairs or upkeep of the home of the parties. This should have been provided, although a writ of possession was not issued. Without a determination placing these obligations of payment, the court left a reasonable inference that defendant-wife should continue to make all these payments, in that the order for alimony *pendente lite* required her to do so.

The court found "[t]hat the Court does not feel that all of the items on the budget submitted by the wife, Margaret J. Clark, on her Exhibit 1, are needed or necessary items." This finding supports my conclusions, since this exhibit included all the items in question and, to me, it left the impression that defendant-wife should continue to pay them. On remand, this matter should be clarified in view of the very modest monthly award to defendant-wife when compared with the substantial income of plaintiff-husband.