BARBARA EVON GEBB v. DAVID MARTIN GEBB

No. 8429DC1275

(Filed 15 October 1985)

1. **Divorce and Alimony § 17.3— alimony—findings insufficient**
   The findings made by the trial judge were insufficient to indicate that he considered all of the factors enumerated by G.S. 50-16.5(a) and the Court of Appeals was unable to determine whether the award was necessary, fair, and within the defendant's ability to pay where there were no findings as to the total value of the estates of the parties, no findings as to plaintiff's present earning capacity, no findings as to the reasonable living expenses of either of the parties, and no findings as to the accustomed standard of living of the parties. G.S. 1A-1, Rule 52.

2. **Divorce and Alimony § 24.9— child support—findings insufficient**
   The findings of fact were not sufficient to support an order for child support and an order that defendant make certain repairs to a house previously awarded to plaintiff and the minor children where the trial court failed to make findings as to the children's needs, expenses, or accustomed standard of living, and did not make findings concerning whether the repairs were reasonably necessary for the welfare and support of the children. G.S. 50-13.4(c).

3. **Divorce and Alimony § 27— attorney's fees—appeal premature**
   Appellate review of an order regarding attorney's fees in an action for alimony, child support and custody was premature where the court found that plaintiff was without funds to pay her counsel fees and concluded that defendant was liable for their payment but declined to award counsel fees at the time of the order. Whether an award of attorney's fees is appropriate will depend upon the trial court's findings at the time the award is made.

4. **Divorce and Alimony § 30— division of marital property—not properly before the court**
   The trial court had no authority in an action for alimony, custody, and child support to order a division of marital property by the transfer of personal property, the payment of funds formerly held in a joint account, or the payment of proceeds from the sale of jointly owned real estate where the

pleadings in the case disclosed no request by either party for division of property and the order did not reflect that the payments required thereby were in satisfaction of defendant's obligations to pay alimony and child support. G.S. 50-20, G.S. 50-21.

APPEAL by defendant from *Guice, Judge.* Judgment entered 25 May 1984 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 20 August 1985.

Plaintiff brought this action for alimony, child custody and support, and attorney fees on 26 August 1980, alleging indignities by defendant. Defendant answered, denying the plaintiff's allegations and alleging indignities by her. Defendant requested that plaintiff not be awarded alimony, and sought a divorce from bed and board and custody of their four minor children. By order dated 19 February 1981, plaintiff was awarded temporary custody of the children and possession of the home; defendant was ordered to pay child support in the amount of $800.00 per month and temporary alimony in the amount of $200.00 per month. A subsequent order, dated 11 August 1983, continued custody of the children in plaintiff.

The issues relating to indignities were tried before a jury on 19 January 1982. The jury returned a verdict finding that both plaintiff and defendant had offered indignities to the other. Over the next several months, additional motions were filed and hearings conducted, none of which are pertinent to the issues raised on appeal. On 10 August 1983, a hearing on the issues of alimony and child support was conducted. Thereafter, by order dated 4 January 1984, the trial court ruled that plaintiff was entitled to reduced alimony and ordered defendant to continue payments of temporary alimony and child support, according to the earlier temporary order, and provided further that the case be calendared again at the expiration of 90 days for determination of the amount of permanent alimony. On 9 May 1984, the court heard additional evidence and on 25 May 1984 entered an order resolving "all matters of issue before the Court which included alimony, child support, attorney fees and division of the marital property. . . ." The court ordered defendant to pay plaintiff alimony and child support, provide her with an automobile, provide insurance for plaintiff and the children, deliver to plaintiff certain items of personal property, pay plaintiff money that defendant had taken from their joint bank account, make extensive repairs to the

house, pay plaintiff one-half the surplus from a sale of eleven acres of real property and pay plaintiff's counsel fees. Defendant appeals.

*Potts & Chitwood by Jack H. Potts for plaintiff appellee.*

*Long, Howell, Parker & Payne, P.A. by Robert B. Long, Jr. and Mary E. Arrowood for defendant appellant.*

MARTIN, Judge.

[1] The principal issue before us on this appeal is whether the trial court made sufficient findings of fact to support the awards for alimony and child support. We conclude that it did not. We also conclude that the trial court adjudicated matters not properly before it in this action. Accordingly, we must vacate the order appealed from and remand the case for further proceedings.

A dependent spouse is entitled to an award for alimony when "[t]he supporting spouse offers such indignities to the person of the dependent spouse as to render his or her condition intolerable and life burdensome." G.S. 50-16.2(7). The jury found that plaintiff suffered indignities offered by defendant, entitling her to alimony under G.S. 50-16.2. The jury also found that plaintiff offered indignities to defendant, which would be grounds under G.S. 50-16.5(b) for disallowing or reducing plaintiff's alimony. The amount of reduced alimony to be awarded lies in the sound discretion of the trial judge. *Self v. Self*, 37 N.C. App. 199, 245 S.E. 2d 541, *cert. denied*, 295 N.C. 648, 248 S.E. 2d 253 (1978).

The factors which must be considered in determining an award for alimony are set forth in G.S. 50-16.5(a): "[a]limony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." In determining the amount of alimony to be awarded the trial judge must comply with G.S. 1A-1, Rule 52, i.e., find facts specially, state separately the conclusions of law resulting from the facts so found, and direct entry of appropriate judgment. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982). All the evidentiary facts need not be recited, but Rule 52 requires specific findings of ultimate facts established by the evidence which determine the issues involved and are essential to support

the conclusions of law. *Id.* The amount of alimony to be awarded is a reasonable subsistence, which must be determined by the trial judge from the evidence before him. *Beall v. Beall,* 290 N.C. 669, 228 S.E. 2d 407 (1976). G.S. 50-16.5(a) requires a conclusion of law that "circumstances render necessary" a certain amount of alimony, that the supporting spouse is able to pay the alimony, and that the amount is fair and just to all parties. *Quick, supra.* These conclusions must, of course, be based on specific findings of fact in accordance with Rule 52.

In the instant case the findings of fact which relate to the factors listed in G.S. 50-16.5(a) were:

3. That during the major portion of the marriage the Plaintiff worked and contributed her income for the maintenance and support of the parties and children and to further the education of the defendant with the income reported by the defendant for tax purposes as follows:

| | |
|---|---|
| Year 1976 | $17,380.80 |
| Year 1977 | 45,287.35 |
| Year 1978 | 53,014.60 |
| Year 1979 | 55,089.06 |
| Year 1980 | 50,250.00 |
| Year 1981 | 47,602.00 |
| Year 1982 | 48,500.00 |
| Year 1983 thru July 31 | 27,365.00 |

That it would appear from the foregoing that there was a substantial increase of the defendant's income each year until the separation of the parties, and thereafter there was a decrease each year except that the defendant made a little more in 1982 than he did in 1981.

. . . .

6. That the plaintiff has been accepted to the Pennsylvania School of Optometry, beginning in August 1984, and has need of $10,400.00 per year tuition requirements plus books, equipment, and additional living expenses for the next four (4) years.

. . . .

Gebb v. Gebb

11. In an action in the Superior Court of Transylvania County, summary judgment was granted to the plaintiff declaring her to be an equitable owner of one-half interest in the property [150 acre tract], which case was upheld by the North Carolina Court of Appeals.

. . . .

15. That from the joint account of the parties prior to the separation, the defendant withdrew $20,000.00 and placed it in an account in Asheville on behalf of himself and his mother, and that he immediately prior to the separation, withdrew $17,000.00 from which he paid off his office debts and purchased a tractor, which he thereafter sold for $5,000.00 to his mother.

16. That the defendant received payment of some $600.00 for timber cut from said property, and that there were forty (40) large truckloads in addition thereto for which the defendant received remuneration in an amount unknown to the Court.

. . . .

20. That the house in which the plaintiff and minor children have been residing is in need of certain repairs, and that the same are the responsibility of the defendant. That no repair has been made to the house in over two years, and there is severe structural damage to two bedroom walls, two doors, six door latches, and the foundation of the house. In addition, the dishwasher, washer and dryer, and refrigerator are ten to twelve years old and are not functioning reliably. The two large burners on the stove need repair, and there are electrical and plumbing needs.

. . . .

29. That the defendant's income is in all respects in excess of any amount that the plaintiff could reasonably expect to earn at this time; that because of prior expenditures by the plaintiff of her income and her efforts while the defendant was receiving his education and thereafter, the plaintiff should now be awarded such sums as might be necessary for a limited time in order that she might now place herself in

Gebb v. Gebb

the same position to reasonably create sufficient income to provide herself with the approximate standard of living enjoyed by the defendant.

. . . .

31. That the income of the defendant would indicate his ability to earn sufficient funds to reasonably pay the amounts hereafter set forth.

Based on these findings, the court ordered defendant to pay plaintiff the sum of $10,500.00 per year for four years as "reduced alimony," and to be responsible for payment of all of her hospital, dental, eye and medical expenses, whether by insurance or otherwise, for four years.

There were no findings of fact as to the total value of the estates of the parties, which is the first factor listed in G.S. 50-16.5(a). The trial judge merely found that plaintiff had been determined a one-half equitable owner of the 150 acre property. There was no finding of fact as to the value of the property, although there was evidence that eleven of the 150 acres had been sold for $3,400 per acre and, on the remaining 139 acres there was a large house, valued at approximately $70,000, a swimming pool, and a trailer. The findings relating to plaintiff's earning capacity were that she had previously been employed as a teacher earning $10,350.00 in 1976-77, and that she planned to attend optometry school. There was no finding as to plaintiff's present earning capacity, even though the evidence disclosed that she had both an undergraduate and master's degree, was certified in school administration but had not applied for employment since 1981. Nor were there any findings relating to the reasonable living expenses of either of the parties, although there was evidence before the court concerning the expenses of each of the parties, both before and after separation. Although the court mentioned that the award was necessary to enable plaintiff to place herself in a position to provide for herself a standard of living comparable to that of defendant, the court made no finding of fact as to the accustomed standard of living of the parties, a factor critical to determining an appropriate award of alimony.

Since the findings made by the trial judge are insufficiently complete to indicate that he considered all of the factors enumer-

ated by G.S. 50-16.5(a) and additional factors required by our case law in making an award of alimony, we are unable to determine whether the award is supported by competent evidence. Thus, we are unable to say whether the award was necessary, fair, and within the defendant's ability to pay, or whether it was so excessive or punitive as to amount to an abuse of discretion. Accordingly, the order awarding alimony must be vacated and this case remanded in order that adequate findings of fact may be made and an appropriate award of alimony may be based thereon.

[2] Defendant also assigns as error the inadequacy of the findings of fact to support the court's order for child support. Payments ordered for support of a minor child "shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties . . . ." G.S. 50-13.4(c). The requirements for findings of fact applicable to orders for alimony are also applicable to the determination of reasonable and adequate child support. *Quick, supra.* The trial judge failed to make findings of fact as to the children's needs, expenses or their accustomed standard of living to support the award of $1,200 per month, and such failure requires that we vacate and remand that portion of the order as well.

Possession of the home had been previously awarded to plaintiff and the minor children. In its order, the trial court required defendant to make certain repairs to the house within 30 days. However, no finding was made concerning whether or not these repairs were reasonably necessary for the welfare and support of the children and therefore properly an obligation of the defendant as a part of his responsibility for their support. There was some evidence, and the court noted, that plaintiff and the children would move to Pennsylvania in order that she might attend school, and thus it is arguable that the repairs would have no reasonable relationship to the welfare of the children. In the absence of a finding, based on competent evidence, that the repairs were necessary for the support and maintenance of the children, the trial court was without authority to order defendant to make them.

[3]  The trial court also found that plaintiff was without funds to pay her counsel fees and concluded that defendant is liable for their payment. The court, however, declined to award counsel fees at the time of the order, and held the matter open for further hearing. The purpose of awarding such fees is to allow the dependent spouse to meet the supporting spouse, as litigants, on substantially even terms by making it possible for the dependent spouse to employ adequate counsel. *Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980). Whether an award of attorney's fees is or is not appropriate in this case will depend upon the trial court's findings at the time the award is made. Since the order regarding attorney's fees is not a final award, appellate review is premature. We decline to rule on this assignment of error until it is properly before us.

[4]  Appellant also contends that the court adjudicated matters not properly before it. We agree. The court prefaced its order with the statement that the order was intended to resolve all issues before it including division of marital property. The order provided:

8. That as a further settlement of the property rights of the parties hereto, the defendant shall deliver to the plaintiff the following items of personal property taken by him from the home occupied by the plaintiff:

a) The one-half silver service taken by defendant.

b) One crystal dish.

c) The gun and sight, formerly the property of the father of the plaintiff.

d) Cherry nightstand and dresser which was a portion of the bedroom suite of daughter, Anita.

e) All picture albums compiled by the plaintiff and pictures and slides including the plaintiff, especially portraying the birth of the children.

f) One Sears lawnmower.

g) One dinette chair and two living room end tables.

h) One-half of all record albums.

i) One set of prints won by the plaintiff in Alaska.

j) The original or copies of all bookkeeping records, including the files concerning Glen Cannon fire, VIP, other homes owned, Lamb's Creek, and bank records from and after 1978.

k) Train set purchased by plaintiff for children.

13. That the defendant pay to the plaintiff one-half of the $10,000.00 payment for 1983 and one-half the surplus from the sale of the eleven (11) acre tract because of his prior obligation to provide this payment as a portion of his responsibility to the plaintiff and minor children.

14. That the defendant pay to the plaintiff one-half of the taxes paid from the sale of the eleven (11) acres.

15. That the defendant pay to the plaintiff the sum of $18,500.00 as one-half of the sums withdrawn from the joint account prior to the separation of the parties.

The issue of division of marital property was not before the court. Although defendant obtained a divorce in December, 1981, the record does not disclose whether his action for absolute divorce was filed before or after 1 October 1981, the effective date of G.S. 50-20 and G.S. 50-21. At any rate, the pleadings in this case disclose no request by either party for division of property and the order does not reflect that the payments required thereby were in satisfaction of defendant's obligations to pay alimony and child support. We hold that the court had no authority, in this action for alimony and child support, to order a division of marital property by the transfer of personal property, the payment of funds formerly held in a joint bank account, or the payment of proceeds from the sale of jointly owned real estate. *See Clark v. Clark*, 44 N.C. App. 649, 262 S.E. 2d 659 (1980), *rev'd on other grounds*, 301 N.C. 123, 271 S.E. 2d 58 (1980).

Although we are cognizant that this case has been the subject of a surfeit of motions, hearings and orders, consuming a great deal of judicial time and expense, we must, nevertheless, vacate those portions of the order concerning alimony and child support and remand this case in order that the trial court can make adequate and appropriate findings of fact and conclusions of law, and set the amount of alimony and child support in accordance with the established rules set forth in the statutes and in

the case law. Those portions of the order which purport to divide marital property are vacated in their entirety.

Vacated and remanded.

Judges WEBB and BECTON concur.